# THE CHATEAUGAY ORE AND IRON COMPANY, PETITIONER.

## ORIGINAL.

No. 3. Original. Argued November 13, 1888. — Decided December 10, 1888.

In this case a mandamus was issued, commanding the judge of a Circuit Court of the United States to settle a bill of exceptions according to the truth of the matters which took place before him on the trial of an action before the court, held by him and a jury, and to sign it, when settled, he having refused to settle and sign it on the ground that the term of the court at which the action was tried had expired, and the time allowed for signing the bill had expired.

The practice and rules of the state court do not apply to proceedings taken in a Circuit Court of the United States for the purpose of reviewing in this court a judgment of such Circuit Court; and such rules and practice, embracing the preparation, perfection, settling and signing of a bill of exceptions, are not within the "practice, pleadings, and forms and modes of proceeding" which are required by § 914 of the Revised Statutes to conform "as near as may be" to those "existing at the time in like causes in the courts of record of the State."

The manner or the time of taking proceedings, as the foundation for the removal of a case by a writ of error from one Federal Court to another, is a matter to be regulated exclusively by acts of Congress, or, when

they are silent, by methods derived from the common law, from ancient English statutes, or from the rules and practice of the courts of the United States.

In this case the party tendering the bill to be settled and signed sufficiently complied with the rules and practice of the Circuit Court.

The decision in *Müller* v. *Ehlers*, 91 U. S. 249, held not to apply to the present case.

THE court stated the case as follows:—

A petition was filed in this court, by the Chateaugay Ore and Iron Company, on the 8th of October, 1888, praying this court to issue a writ of mandamus to the Honorable Nathaniel Shipman, District Judge of the District of Connecticut, assigned to hold, and who held, the Circuit Court of the United States for the Southern District of New York, to settle a bill of exceptions according to the truth of the matters which took place before him on the trial of an action at law in that court, brought by Theodore A. Blake against the Chateaugay Ore and Iron Company; and to sign the same, when so settled, as of the 10th of April, 1888, that being the day when such bill of exceptions was submitted to him.

On the 15th of October, 1888, this court made an order that cause be shown by Judge Shipman, and by the plaintiff in the suit, on the 12th of November, 1888, why a writ of mandamus should not issue as prayed in the petition. The plaintiff showed cause, in answer to the petition, and appeared by counsel; but no cause was shown by Judge Shipman, although the order was served on him personally on the 18th of October, 1888. We are, therefore, left without any authoritative statement from the judge as to the grounds on which he declined, as he did, to settle and sign a bill of exceptions, and can gather those grounds only from the statements of the petition for the writ and of the answer of the plaintiff.

There were two actions, each brought to recover the price of goods sold and delivered by the plaintiff to the defendant, which actions were consolidated into one. The trial was had before Judge Shipman and a jury, which, on the 25th of January, 1888, rendered a verdict for the plaintiff for $9574.53. The docket minute of the court, of the proceedings after ver-

dict, as first entered, showed that the court then made the following order: " It is ordered that the defendant have forty days from January 25, 1888, within which to prepare and serve a case herein, with leave to turn the same into a bill of exceptions. It is further ordered that judgment may be entered on said verdict, and that the defendant have a stay of execution until the decision of the motion for a new trial herein." On the 31st of January, 1888, a judgment was rendered in the action, in favor of the plaintiff, for $9665.39, being the amount of the verdict and costs.

On the 3d of March, 1888, being the thirty-eighth day after the 25th of January, 1888, the defendant served upon the attorneys of record for the plaintiff a proposed bill of exceptions. It was accepted and retained by such attorneys, and the service thereof was admitted in writing. On the 13th of March, 1888, the attorneys for the plaintiff applied to the attorneys for the defendant for ten days' additional time within which to prepare and serve such amendments as they wished to make to the proposed bill of exceptions. In doing this, they acted upon the view that their time to prepare and serve such amendments did not expire until the 13th of March, 1888. Their application was granted, and a stipulation for ten days' additional time was signed by the defendant's attorneys. On the 23d of March, 1888, the attorneys for the plaintiff served upon the attorneys for the defendant a paper containing seventy-seven amendments, which they desired to make to such proposed bill of exceptions. Some of such proposed amendments were agreed to by the defendant, while others were not agreed to. On the 27th of March, 1888, the attorneys for the defendant served upon the attorneys for the plaintiff a notice that the proposed bill of exceptions and proposed amendments would be presented to Judge Shipman, for settlement and signature, on the 10th of April, 1888, at the United States' court rooms, in the city of New York. Such notice of settlement was received and retained, without objection, by the attorneys for the plaintiff, and a written admission of the service thereof was given by them to the attorneys for the defendant.

On the 10th of April, 1888, the defendant appeared by its attorneys before Judge Shipman, and moved that the proposed bill of exceptions be settled and signed. The attorneys for the plaintiff appeared and opposed the motion, upon the ground that the term of court at which the action was tried had expired on the 31st of March; that the forty days' time allowed by the court, within which to prepare and serve a bill of exceptions, had also expired; and that the plaintiff was out of court and the court had no longer any jurisdiction over him. The motion was continued until the next day, when, both parties again appearing, Judge Shipman announced his decision, sustaining the objections made on behalf of the plaintiff, for the reason, then stated orally by him, that the term of the court at which the action was tried had expired, and the forty days originally allowed by the court had also expired, and no order had been made, or consent given by the plaintiff or his attorneys, extending the time for signing the bill of exceptions beyond the term at which the cause was tried, and no very extraordinary circumstances were shown in the case, to justify the court in entertaining the application; so that, under the rule laid down in the case of *Müller* v. *Ehlers*, 91 U. S. 249, the application of the defendant for the settlement and signing of the bill of exceptions must be denied.

On the denial of such motion, and on the 11th of April, 1888, the court made an order, entitled in the cause, which, after reciting as follows, " In this case, at the October term, 1887, of this court, after judgment upon the verdict for the plaintiff, a stay of forty days, and until the decision of any motion for a new trial upon a bill of exceptions, having been granted, and the said forty days and the said October term of this court having passed and no proper foundation by bill of exceptions having been taken by the defendant to move for a new trial," ordered, that such stay of execution be vacated

On the 17th of April, 1888, the court, after hearing both parties, made an order amending the docket minute of the proceedings after verdict, and the judgment roll founded thereon, by striking out, in such docket minute, everything

after the words "it is ordered," and inserting the following: "Mr. Kellogg moves orally to set aside the verdict as against evidence and for a new trial, upon a bill of exceptions, to be thereafter drawn. The court overruled the motion to set aside the verdict and denied the same, and ordered judgment for plaintiff upon the verdict to be entered, and that the defendant have a stay of forty days to prepare and serve its bill of exceptions, and a further stay until the decision of such motion for a new trial upon said bill of exceptions." The same order directed that the order of April 11th, 1888, be resettled and entered with the following recital: "In this case, at the October term of this court, and on the 25th day of January, 1888, after verdict for the plaintiff, counsel for the defendant having orally moved for a new trial, upon a bill of exceptions, to be thereafter drawn, and the court having then ordered judgment for the plaintiff to be entered on said verdict, and that a stay of proceedings upon the judgment for forty days, and until the decision of said motion, be granted to the defendant, and the said October term of this court having ended on the 31st day of March, 1888, and the said forty days having elapsed, and no bill of exceptions having been presented to or allowed by the court, and there being no bill of exceptions upon which said motion for a new trial is to be based;" and with a direction "that the said stay of proceedings so granted be vacated and set aside."

Judge Shipman was duly designated to hold the Circuit Court for the Southern District of New York for two weeks beginning on the 16th of January, 1888. The session of the court held by him terminated on the 27th of January, 1888, and during the time from that day until the first Monday of April, 1888, which was the 2d of April, when the April term of that court began, Judge Shipman was assigned to hold no court within the Southern District of New York, and he was not at any time between the 27th of January, 1888, and the 2d of April, 1888, within the Southern District of New York for any official purpose.

A writ of error to remove the case to this court was allowed, on a bond approved to operate as a supersedeas, and a citation

was served. A transcript of the record was filed in this court on the 8th of October, 1888. The foregoing facts are stated, partly from the papers in the application for the mandamus, and partly from the contents of such record.

*Mr. Edmund Wetmore* and *Mr. Frank E. Smith* for petitioner.

*Mr. R. D. Mussey* and *Mr. L. E. Chittenden* opposing.

I. Three preliminary objections are made to the present petition : (*a*) The writ of mandamus is not the proper remedy to restore to a party what he has lost by his own negligence. Such a party is not supposed to be entitled to its benefits. (*b*) The rule to show cause was not entered until after the time to file the record in this court expired. The time to file the record expired on the 13th day of October, 1888, and the rule was not made until the 15th day of October, 1888. By filing the record the plaintiff in error admits its completeness. It never has and does not now make any motion to correct the record. The granting of the writ would not affect the record on which the case must be decided. (*c*) It is decided by this court to be among its *elementary rules* that the writ of mandamus cannot be used "to control the discretion" of an inferior tribunal "while acting or to reverse its decisions when made." *Ex parte Burtis*, 103 U. S. 238.

In *Ex parte Railway Co.*, 101 U. S. 711, which was an application by mandamus to require the Circuit Court, after its refusal, to put petitioner into possession of a railroad decreed to it here, this court said, "it is not consistent with the principles and usages of law, that we should, in that summary mode, revise the action of inferior courts, as to any matters about which they must or may exercise judicial discretion. 'The writ has never been extended so far, nor ever used to control the discretion and judgment of an inferior court of record acting within the scope of its judicial authority'" (citing numerous authorities).

In *Ex parte Flippin*, 94 U. S. 348, where it was claimed that the court below denied a motion to quash an execution

claimed to be improperly issued, and the mandamus was to require the justice to quash the writ, this court said: " But if the court has jurisdiction to issue process, it has necessarily jurisdiction to decide as to its appropriate form. Here the process has been issued ; and the court upon motion, has decided that it was in good form and ought not to be quashed. Of this decision the petitioners complain and seek to have it reversed. This we cannot do by mandamus. Under that form of proceeding we may compel an inferior court to decide upon a matter within its jurisdiction and pending before it for judicial determination, but we cannot control its decision. Neither can we in that way compel the inferior court to reverse a decision which it has made in the exercise of its legitimate jurisdiction. . . . If there is anything in the case of *McCargo* v. *Chapman*, 20 How. 555, to the contrary of this *it is disapproved.*"

In *Carrick* v. *Lamar*, 116 U. S. 423, Mr. Justice Field, speaking for the court, says that the principle of the writ of mandamus in the case of an executive officer, is applicable " only to ministerial acts, in the performance of which no exercise of judgment or discretion is required." The rule is the same in regard to inferior courts, unless it is apparent that the discretion has been abused. In the case at bar no such abuse can be suggested.

In *Ex parte Perry*, 102 U. S. 183, in an application to set aside a stay of execution, which stay it was alleged was unauthorized by law, this court said, " the object of this proceeding is to obtain from us an order requiring that court to reverse its former decision and grant the relief it has once refused. That is the office of a writ of error or an appeal, and not of a writ of mandamus." See also, *Ex parte Schwab*, 98 U. S. 240 ; *Ex parte Loring*, 94 U. S. 418 ; *Ex parte Whitney*, 13 Pet. 404.

It is admitted by the petition that the court below acted upon the petitioner's motion. The petitioner was heard, and his motion that the bills of exception be signed was *denied*. This fact is fatal to the petition. *Ex parte Morgan*, 114 U. S. 174 ; *Ex parte Hughes*, 114 U. S. 147 ; *Ex parte Brown*, 116 U. S. 401.

II. The court below must be regarded as the judge of its own rules and sessions. *Life Ins. Co.* v. *Francisco*, 17 Wall. 672; *United States* v. *Breitling*, 20 How. 252.

In the case last cited, Chief Justice Taney said, in a case which presented this point, in regard to an exception: "The time within which it may be drawn out and presented to the court must depend on its rules and practice, and on its own judicial discretion." This is to be understood, of course, as to exceptions presented before the end of the term.

In the case at bar, the October term at which the judgment was rendered had passed, and a new term had commenced. The power of the court to allow exceptions had terminated. But if it had not, in the absence of any extension of the time, the petitioner could assert no lawful right to exceptions.

III. The decision of the Circuit Court was right. It followed the reported decisions of this court, and, had it decided otherwise, this court would have disregarded the exceptions. *Müller* v. *Ehlers*, 91 U. S. 249; *Walton* v. *United States*, 9 Wheat. 651; *Hunnicutt* v. *Peyton*, 102 U. S. 333; *Bronson* v. *Schulten*, 104 U. S. 410; *Phillips* v. *Negley*, 117 U. S. 665; *Brooks* v. *Railroad Co.*, 102 U. S. 107.

MR. JUSTICE BLATCHFORD, after stating the case, delivered the opinion of the court.

We are of opinion that the writ of mandamus must issue. By rules 67 and 69 of the Circuit Court for the Southern District of New York, which took effect on the first Monday of August, 1838, it is provided that, when exceptions to the opinion of the court are taken by either party on the trial of a cause, he shall not be required to prepare his bill of exceptions at the trial, but shall merely reduce the exceptions to writing, or the court will, on request, note the point, and the bill of exceptions shall afterwards be drawn up, amended, and settled, under the following regulations: The bill of exceptions shall be prepared and a copy thereof served upon the opposite party before judgment is rendered on the verdict; the oppo-

site party may, within four days after such service, propose amendments to the bill and serve a copy upon the party who prepared it; if the parties cannot agree in regard to the amendments, then, within four days after such service of a copy of the amendments, either party may give to the other notice to appear within a convenient time, and not more than four days after service of such notice, before the judge who tried the cause, to have the bill and amendments set-. tled; the judge shall thereupon correct and settle the same as he shall deem to consist with the truth of the facts; but, if the parties shall omit, within the several times above limited, unless the same shall be enlarged by a judge, the one to propose amendments, and the other to notify an appearance before the judge, they shall respectively be deemed, the former to have agreed to the bill as prepared, and the latter to have agreed to the amendments as proposed; and if the party omit to make a bill within the time above limited, unless the same shall be enlarged as aforesaid, he shall be deemed to have waived his right thereto.

A corresponding practice prevails in the Supreme Court of the State of New York, by its rules, with variations as to time. Under those rules, a case, or a case and exceptions, or a case containing exceptions, on a trial before a jury, is to be made, and a copy thereof served on the opposite party, within ten days after the trial. The party served may, within ten days thereafter, propose amendments thereto and serve a copy on the party proposing the case or exceptions, who may within four days thereafter serve the opposite party with a notice that the case or exceptions, with the proposed amendments, will be submitted at a time and place to be specified in the notice, not less than four nor more than twenty days after service of such notice, to the justice before whom the cause was tried, for settlement.

It is apparent that both parties in this case acted upon the view that the rule of practice of the Supreme Court of the State applied to the case; because the plaintiff, instead of serving on the defendant his proposed amendments to the bill within four days after the 3d of March, as required by

the rule of the Circuit Court, waited ten days, under the rule of the Supreme Court of the State, and then, on the 13th of March, obtained a stipulation from the defendant giving ten days' additional time to prepare and serve amendments. It may be that the defendant, in serving, on the 27th of March, a notice of settlement of fourteen days, for the 10th of April, on the plaintiff, intended to comply, as it in fact did comply, with the requirement of the rule of the state court that such notice should be a notice of not less than four nor more than twenty days; yet it also sufficiently complied with rule 67 of the Circuit Court, which required a notice of not more than four days, because a notice of four days, served on the 27th of March, would have been for the 31st of March, and Judge Shipman was not then within the Southern District of New York, so as to be able to perform any judicial act there, nor did he come there, so as to be able to do so, until the 2d of April, 1888. Under these circumstances, the notice for the 10th of April was a reasonable compliance with the rule of the Circuit Court.

We are of opinion that the practice and rules of the state court do not apply to proceedings in the Circuit Court taken for the purpose of reviewing in this court a judgment of the Circuit Court, and that such rules and practice, embracing the preparation, perfecting, settling, and signing of a bill of exceptions, are not within the "practice, pleadings, and forms and modes of proceeding" in the Circuit Court which are required, by § 914 of the Revised Statutes, to conform "as near as may be" to the "practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State" within which the Circuit Court is held, "any rule of court to the contrary notwithstanding."

This court has had occasion several times to construe § 914. In *Nudd* v. *Burrows*, 91 U. S. 426, a state statute required a judge to instruct a jury only as to the law of a case, and provided that the written instructions of the court should be taken by the jury in their retirement and returned with the verdict, and that papers read in evidence might be carried from the bar by the jury. The court charged the jury upon the facts

and refused to permit them to take to their room the written instructions given by the court or papers read in evidence. This court held that this was not error, because the personal conduct and administration of the judge in the discharge of his separate functions was not practice or pleading, or a form or mode of proceeding, within the meaning of those terms in the act of Congress.

In *Indianapolis Railroad Co.* v. *Horst*, 93 U. S. 291, a state statute prescribed that the judge should require the jury to answer special interrogatories in addition to finding a general verdict. This court held that that provision did not apply to the courts of the United States; and that the act of Congress did not apply to a motion for a new trial, nor affect the power of the Circuit Court to grant or refuse a new trial in its discretion. This last point was again so ruled in *Newcomb* v. *Wood*, 97 U. S. 581.

In harmony with the foregoing decisions, we are of opinion that § 914 does not extend to the means of enforcing or revising a decision once made by the Circuit Court. Section 914 does not extend to proceedings to enforce a judgment, because by § 916 special provisions are made as to a remedy by execution or otherwise, to reach the property of a judgment debtor, by borrowing from the laws of the State only those remedies then already existing, or which should thereafter be adopted by general rules of the Circuit Court. *Lamaster* v. *Keeler*, 123 U. S. 376. The object of § 914 was to assimilate the form and manner in which the parties should present their claims and defence, in the preparation for the trial of suits in the Federal courts, to those prevailing in the courts of the State. As we have seen, it does not include state statutes requiring instructions to the jury to be reduced to writing, or those which permit such instructions and certain papers read in evidence, to be taken by the jury when they retire, or those which require the jury to be directed, if they return a general verdict, to find specially upon particular questions of fact involved in the issues; and, as it does not apply to a motion for a new trial, nor affect the power of the Circuit Court to grant or refuse a new trial at its discretion, so it does not cover any

other means of enforcing or revising a decision once made by the Circuit Court. The manner or the time of taking proceedings as a foundation for the removal of a case by a writ of error from one Federal court to another is a matter to be regulated exclusively by acts of Congress, or, when they are silent, by methods derived from the common law, from ancient English statutes, or from the rules and practice of the courts of the United States. The only regulation made by Congress as to bills of exceptions is that contained in § 953 of the Revised Statutes, which provides that they shall be sufficiently authenticated by the signature of the presiding judge, without any seal.

These views were adopted by the Circuit Court for the Southern District of New York, in *Whalen* v. *Sheridan*, 18 Blatchford, 324, and by the Circuit Court for the District of Massachusetts, in *United States* v. *Train*, 12 Fed. Rep. 852.

In the present case, the defendant prepared and served its bill of exceptions within the forty days from January 25. The expression "prepare and serve," in the order allowing the forty days, clearly meant, in view of rules 67 and 69 of the Circuit Court, that the proposed bill was to be prepared and served on the opposite party within the forty days, so that he might propose amendments to it within the time prescribed by the rules. It was so prepared and served within the forty days. It was retained by the plaintiff for ten days after its service. He then obtained, by stipulation, from the defendant, ten days' more time to prepare and serve amendments. The proposed amendments were served on the tenth day and the notice of settlement was accepted, written admission of its service was given and it was retained. Under these and the other circumstances above detailed, we think the defendant was entirely regular in its practice and that the plaintiff was estopped from raising the objection which he made before Judge Shipman.

On the facts of the present case, the decision in *Müller* v. *Ehlers*, 91 U. S. 249, has no application. In that case, on a trial by the court, without a jury, of an action at law, there was a general finding for the plaintiff, and a motion for a new

trial. The motion was continued until the next term, when it was overruled, and judgment was entered on the finding. At the latter term, a writ of error, returnable to this court, was sued out, and the term was adjourned without any bill of exceptions having been signed or allowed, or any time having been given, either by consent of the parties or by order of the court, to prepare one. At the next ensuing term, and after the return day of the writ of error, a bill of exceptions was signed and filed by order of the court, as of the day the finding was made, and it did not appear that that had been done with the consent or knowledge of the plaintiff. On these facts, this court held, that the order of the court below, directing the filing of the bill of exceptions as of the date of the finding, was a nullity, on the ground that the parties had, in due course of proceeding, both in law and in fact, been dismissed from the court. That decision has no application to the present case, because the rights of the defendant were saved by the express order of the court, made during the term, and by a sufficient compliance on the part of the defendant with the rules of the Circuit Court, and by what must be held to have been the consent of the plaintiff.

In this view of the case, the question whether the term at which the verdict was rendered expired on the 25th of February, being the Saturday next preceding the last Monday of February, or on the 31st of March, being the Saturday next preceding the first Monday of April, is immaterial. The rules of the Circuit Court clearly contemplate proceedings to perfect a bill of exceptions within the times limited by those rules, without reference to the expiration of a term. By § 658 of the Revised Statutes, terms of the Circuit Court are appointed to be held in the Southern District of New York on the first Monday in April and the third Monday in October, " and for the trial of criminal causes and suits in equity " on the last Monday in February. The defendant contends that the October term terminated at the beginning of the February term, and the plaintiff contends that the October term terminated at the beginning of the April term. We do not find it necessary to decide this question.

A writ of mandamus may properly be issued by this court, to compel the judge of an inferior court to settle and sign a bill of exceptions. *Ex parte Crane*, 5 Pet. 190. Such a writ does not undertake to control the discretion of the judge as to how he shall frame the bill of exceptions, or as to how he shall decide any point arising on its settlement; but it only compels him to settle and sign it in some form.

> *The writ will issue in the terms of the prayer of the petition, commanding the judge to settle the bill of exceptions tendered by the defendant, according to the truth of the matters which took place before him on the trial of the aforesaid action, and, when so settled, to sign it as of the 10th day of April, 1888, that being the day when the proposed bill and proposed amendments were submitted to him for settlement.*