# JENNINGS v. PHILADELPHIA, BALTIMORE AND WASHINGTON RAILWAY COMPANY.

## ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 10.    Submitted April 26, 1910.—Decided October 31, 1910.

In the absence of an extending order the trial court loses control of the case after the term has been closed and an appeal has been allowed and perfected; and common law rule 55 of the Supreme Court of the District of Columbia allowing thirty-eight days to file a bill of exceptions applies only so long as the judgment term is running and does not operate to extend the power of the trial judge over the record beyond the term.

Grave matters of procedure such as the allowance of a bill of exceptions after close of the term should not rest on mere implication of consent.

A proceeding at the instance of one party to the record cannot be regarded as by consent simply because the other party has notice and does not object; the latter, if he does nothing to prejudice the rights of others, may sit silent and still object that the proceeding is *coram non judice.*

31 App. D. C. 173, affirmed.

THE facts are stated in the opinion.

*Mr. Henry E. Davis* and *Mr. E. Hilton Jackson* for plaintiff in error.

*Mr. Frederic D. McKenney, Mr. John Spalding Flannery* and *Mr. William Hitz* for defendant in error.

MR. JUSTICE LURTON delivered the opinion of the court.

This case turns primarily upon the question of whether the Supreme Court of the District exceeded its jurisdic-

tion in allowing a bill of exceptions after the close of the term at which the judgment sought to be reversed had become final. The judgment was rendered on December 20, 1907. The term closed December 31, and a new term began on January 1, 1908. On January 10, 1908, an appeal bond was approved and filed. On January 14, the appellant, having given eight days' notice, under rule 55 of the court, presented a bill of exceptions to the court for allowance. The stipulation in respect of this recites: "In pursuance of common law rule No. 55 counsel for the appellee was present, having received the eight-day notice, together with a copy of appellant's proposed bill of exceptions required by said rule. The proposed bill of exceptions was submitted to the court by counsel for the appellant in the presence of and without objection from counsel for the appellee."

Common law rule 55, under which the appellant claimed the right to have his bill of exceptions filed within thirty-eight days after the rendition of the judgment, was applicable only so long as the judgment term was running and did not operate to extend the power of the trial judge over the record beyond the term. No order had been made in term time for the filing of such a delayed bill. Not only had the term closed, but an appeal had been allowed and perfected. The trial court had thereby lost control of the cause, and had no authority to add to or take from the record.

In *Michigan Insurance Bank* v. *Eldred*, 143 U. S. 293, 298, this court said:

"By the uniform course of decision, no exceptions to rulings at a trial can be considered by this court, unless they were taken at the trial, and were also embodied in a formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties; and, save under very extraordinary circum-

stances, they must be allowed by the judge and filed with the clerk during the same term. After the term has expired, without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end."

See also *Morse* v. *Anderson,* 150 U. S. 156; *Muller* v. *Ehlers,* 91 U. S. 249; *Merchants' Insurance Co.* v. *Buckner,* C. C. A., 6th Cir., 98 Fed. Rep. 222.

But it is urged that if the appellee consented that an order might be entered *nunc pro tunc,* permitting the filing and allowance of a bill of exceptions, such consent should be given the force of an order in term or a rule of court. But if this be granted, the order in this case does not profess to have been founded upon consent. The stipulation recites that the proposed bill was presented to the court "in the presence of and without objection from counsel for the appellee."

The proceeding was *coram non judice.* Appellee was not in court or before a court. The judge and the court had lost all power over the cause, the parties and the record. The appellant was pretending to proceed under rule 55. The appellee might well sit silent and let the matter rest upon the claim; it was not asked to say whether it consented. A different case might arise if, by its failure to object, the appellant had been misled to his injury. But there was nothing left undone which might have been done and nothing done to his prejudice. The plain question was, Did the court have power under rule 55, or under any order of the court or controlling practice, to allow a bill of exceptions after the close of the term? The appellee might fairly say nothing.

So grave a matter as the allowance of a bill of exceptions after the close of the term and after the court had lost

all judicial power over the record should not rest upon a mere implication from silence. · There should be express consent, or conduct which should equitably estop the opposite party from denying that he had consented. There was nothing of that kind in this case, and the judgment of the Court of Appeals must be ·

*Affirmed.*