## FARMERS' UNION GRAIN CO. v. HALLET & CAREY CO.

Circuit Court of Appeals, Eighth Circuit. November 25, 1927.

No. 7772.

**1. Exceptions, bill of ⚖=38—Court rule relative to bill of exceptions held to extend term only to extent that exact compliance requires (District Court rule 49).**

Rule 49 of United States District Court for District of South Dakota, providing for 30 days after judgment for service of draft of bill of exceptions on adverse party, 20 days after service for proposed amendments, and 10 days after service of proposed amendments for presentation of bill to judge, *held* to extend term only to extent that exact compliance requires, and fact that defendant in error served its proposed amendments four days late did not extend time of plaintiff in error to present bill to judge.

**2. Exceptions, bill of ⚖=40(7)—District Court's jurisdiction to settle bill of exceptions cannot be conferred by acts of parties.**

Jurisdiction of District Court to settle bill of exceptions cannot be conferred on court by acts of parties, but bills of exceptions must be signed before trial court loses jurisdiction of cause by expiration of term, or such time thereafter as may have been duly prescribed.

**3. Appeal and error ⚖=882(21)—Party not obliged to serve amendments to bill of exceptions did not lose right to object to court's jurisdiction to sign bill by failure to serve amendments on time.**

Where party was not obliged to serve any amendments to bill of exceptions, failure to serve amendments on time could not prejudice any one but itself, so that it did not by reason of such failure lose right, by waiver or estoppel, to object to jurisdiction of court to sign bill of exceptions.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

On petition for rehearing. Petition denied.

For former opinion, see 21 F. (2d) 42.

E. B. Harkin and Ezra L. Baker, both of Aberdeen, S. D., and John Junell and J. H. Colman, both of Minneapolis, Minn. (Lancaster, Simpson, Junnell & Dorsey, of Minneapolis, Minn., of counsel), for petitioner.

Before KENYON, Circuit Judge, and MOLYNEAUX and JOHN B. SANBORN, District Judges.

PER CURIAM. [1] On the petition of the plaintiff in error for a rehearing, we have carefully re-examined our decision in this case. It is contended that we erred in holding rule 49 of the District Court of the District of South Dakota procedural only. That is all that it purports to be, but the decision in the case of Chateaugay Ore & Iron Co., Petitioner, 128 U. S. 544, 9 S. Ct. 150, 32 L. Ed. 508, would justify a conclusion that it was something more, while the case of Jennings v. Phil., Balt. & Wash. Ry. Co., 218 U. S. 255, 31 S. Ct. 1, 54 L. Ed. 1031, would seem to indicate that it was not. No reliance should have been placed on the rule as extending the term; but, if this was the only question in the case, we would resolve it in favor of the plaintiff in error.

The conclusion that the rule extended the term only to the extent that an exact compliance with its terms by both parties would require we consider inescapable. The fact that the defendant in error served its proposed amendments 4 days late does not change the situation. It would be illogical to hold that the rule extended the term for a period of 10 days beyond the time when the amendments were served by the defendant in error. Such a construction would leave it entirely within the hands of the parties to the litigation to determine when the term should end. The plaintiff in error, however, desires us to hold that the rule allowed 30 days, instead of 20 days, within which the defendant in error might propose amendments, and that then, if it failed to do so, the 10 days in which the bill was to be presented to the court began to run. There is nothing in the rule to justify that construction. At the end of 20 days, the plaintiff in error had the right to present the bill to the court for allowance, with or without notice, no amendments having been proposed, and it had that right for the period of 10 days after the expiration of the 20 days, but not longer.

[2] It is also asserted that in some way the defendant in error became estopped to assert that the court had lost jurisdiction to allow the bill of exceptions. It seems to us that the Supreme Court has finally concluded that jurisdiction to settle a bill of exceptions cannot be conferred upon the court by the acts of the parties, when it says: "Consent of parties cannot give jurisdiction to courts of the United States. Railway Co. v. Ramsey, 22 Wall. 322, 327, 22 L. Ed. 823. The policy of the law requires that litigation be terminated within a reasonable time, and not protracted at the mere option of the parties. See United States v. Mayer, 235 U. S. 55, 70, 35 S. Ct. 16, 59 L. Ed. 129. We think the better rule, and the one supported by former opinions of this court, requires that bills of exceptions shall be signed before the trial court loses jurisdiction of the cause by expiration of the term or such time thereafter as may have been duly prescribed."

Exporters of Manufacturers' Products, Inc., v. Butterworth-Judson Co., 258 U. S. 365, 369, 42 S. Ct. 331, 332 (66 L. Ed. 663).

[3] But if a party may, by waiver or estoppel, confer jurisdiction upon the court, or lose the right to object to the jurisdiction of the court to sign a bill of exceptions, we still think that the defendant in error, by the mere failure to serve its amendments on time, did not lose its right in that regard. It was not obliged to serve any amendments, and its failure to serve amendments on time could not prejudice any one but itself. The case is substantially different from that of Chateaugay Ore & Iron Co., Petitioner, supra.

While we should much prefer to reach a conclusion which would enable us to decide this case upon its merits, we are convinced that our decision is correct.

The petition for rehearing is denied.