### In re BILLS OF EXCEPTIONS.

Circuit Court of Appeals, Sixth Circuit.
February 5, 1930.

---

850

Before DENISON, MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM. Several pending matters involve the effect of the expiration of the trial term upon the settlement of a bill of exceptions or narrative statement of evidence. Though we have considered some aspects of the question, it seems advisable to make an examination and statement which will clarify the practice more completely.

The basic historical idea seems to be that the parties were required to attend at a term of court at which they were to be heard. When the term expired, either as stated or as extended, all parties were discharged from attendance. The court lost jurisdiction over them unless again summoned. They were not before the court (coram non judice). Any action which the court took in the absence of either one was, as to him, without jurisdiction. Muller v. Ehlers, 91 U. S. 249, 251, 23 L. Ed. 319. This being the principle, it is not easy to understand how there can be exceptions because of "extraordinary circumstances," unless these circumstances are such that the theory of nondischarge is preserved; and the occasional reference to such supposed exceptions may perhaps be thus explained.

When an appeal is allowed from a final judgment or decree, the jurisdiction of the trial court is lost, excepting as its power to perfect and complete the record for appeal in aid of the appellate court jurisdiction continues; and even this continues only during the term, as stated or as extended. Not even by stipulation can it be done after this period. Exporters Co. v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663. Plainly jurisdiction lost cannot be re-

stored through the device of a nunc pro tunc order. Michigan Ins. Bank v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 36 L. Ed. 162, infra.

Settling a bill of exceptions is inherently and historically the personal act of the trial judge. Originally it was done, either as to each ruling at the time the ruling was made, or very soon after the trial. It depended upon the memory of the trial judge, as aided by his notes. There was no difficulty in doing it promptly. With the stenographic reports of the present time, the necessity for settling while the judge's memory was fresh has disappeared, and substantial delays are necessary, requiring for that purpose extensions of time beyond the term. Whether so called or not, they are extensions of the term, pro hac vice; but the settling continues to be the personal act of the trial judge, depending upon his memory and such aids as there may be.

When the term expires, parties between whom some matter arising during the term has not been disposed of are not discharged from attendance. As to that matter, jurisdiction continues. If it is one before the court, calling for an order of the court for its disposition, a motion or other application put upon the records of the court and invoking the court action and with notice given would seem to be sufficient to carry over. Thus a sufficient motion for a new trial carries into the next term jurisdiction to decide it—probably even if it has never come to the attention of the trial judge. The rule naturally must be otherwise as to a matter before the judge that is not pending before him until it has been brought to his attention, actually or constructively. When it has been and is submitted to him for his action, it would seem, by analogy to ordinary motions, that jurisdiction continues until final decision.

It follows that within the term, as stated or as properly extended, the bill of exceptions or narrative statement should be submitted to the judge personally, ready for his action, and his action invoked. Once so submitted, we see no occasion, in principle, for further orders extending time; and, so far as we have observed them, the general statements which deny the power to settle thereafter, unless there is an order extending, are unnecessary to the decisions containing them, and should be taken as restricted to the facts of the particular case.

The illness or absence of the judge at the very end of the time limited, so that presentation cannot be made to him personally, is doubtless one of the "extraordinary circumstances". sometimes referred to. (See cases, infra.) When the bill of exceptions is complete or thought to be ready for submission to the judge for his signature, and is tendered on or about the last day at his official residence, but cannot be actually presented because of illness or absence, we see no reason why this should not be considered as a constructive presentation to him at that time and place, giving opportunity for an effective bill of exceptions if he thereafter (at least promptly thereafter) approves and signs it; and this constructive presentation may well be the logical basis of the Chateaugay Case, 128 U. S. 544, 9 S. Ct. 150, 32 L. Ed. 508, and the Sater Case (C. C. A. 6) 223 F. 611, infra.

It is evident that, except as provided by rule, serving upon the other side a proposed bill of exceptions or lodging one with the clerk for examination and amendment are not effective steps towards extension of the time. The state courts in Ohio have rules of practice expressly providing that a bill of exceptions may be thus lodged, that within a certain time amendments may be so lodged, and that at another fixed time, if no controversy remains, the papers shall be presented by the clerk to the judge for his signature. This practice does not seem inconsistent with the common-law principle, because these times limited by rule seem to imply extensions of the term for this purpose; and it may well be thought that the maturing of the duty of the clerk to present the papers to the judge should be considered a constructive presentation, even if the clerk omits his duty. The parties have done all they are required to do, and again perhaps we have "extraordinary circumstances." Re Chateaugay, 128 U. S. 547, 9 S. Ct. 150, 32 L. Ed. 508.

The state practice in matters of appeal and review is not applicable in the federal courts. In the Northern District of Ohio the District Court has adopted special rules in analogy to those of the state courts; this has not been done in Southern Ohio nor in any other district of the circuit, so far as we know.[1] It results that in other districts the burden remains upon the appellant to get

---

[1] The rule in the Southern District extending the term for 30 days for these purposes applies only to judgments rendered within the last 30 days of the term, and in other cases has no effect. Our own rule 15, clause 4, does not touch, and does not purport to touch, the method of settlement of bills of exceptions in a case at law. That subject was primarily for the District Courts.

his bill of exceptions presented to the judge for approval, and within the time limited. So far as there may be a practice of leaving the papers with the clerk for him to make the presentation, that does not shift the responsibility from the appellant (lacking such rules); the clerk is merely his agent.

For a long period, to the knowledge of some of the judges now sitting, it has been the practice throughout this circuit that, for the purpose of settling a bill of exceptions, the trial term would be extended either by some general rule or by a special order in a particular case, that, within the time so extended, the trial court would further extend the time, as developments might make necessary, and that this extension might be repeated as often as necessary, jurisdiction not being lost provided a new extension order was entered during the life of the former order. In the applicable principles, we see no reason why this practice is not right. That the court should on January 1st have jurisdiction to settle a bill of exceptions, but not to continue until January 2nd a settlement unfinished on the first, seems an indefensible proposition. The power to settle a bill seems inherently to include the power to extend the time therefor. At the end of the extension made during the term, the parties are still in court, as they are during the term, and they are subject to the jurisdiction of the court for an extension order just as much as for a settlement order.

Prior to the decision of the O'Connell Case, 253 U. S. 142, 40 S. Ct. 444, 445, 64 L. Ed. 827, we are not aware that any doubt existed as to the power to make a second extension order during the life of the first extension of the term. The Supreme Court had said (Michigan Ins. Bank v. Eldred, 143 U. S. 293, 298, 12 S. Ct. 450, 36 L. Ed. 162) that the bill of exceptions must be presented to the judge "at the same term, or within a further time allowed by order entered at that term. * * * After the term has expired, without the court's control over the case being reserved by standing rule or special order * * * all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end." Neither the facts of that case nor the cases there cited in support had reference to the validity of a second extension order made during the life of the first;[2] nor

is even this language inconsistent with such validity. In the case supposed, the control of the court over the case has been "reserved by special order"; and the second extension may fairly be thought "time allowed by order entered at that term," for the order entered at the term has continued jurisdiction, and thus has allowed the second order. In the O'Connell Case, the validity of the second extension order there involved was denied. This was done without specific discussion of this point, and the authorities cited did not involve this point.[3] It is apparent that this rule, if enforced, in its seeming strictness, would make it necessary that the order to be entered during the term must in every case allow for settling the bill a time long enough to cover all unexpected emergencies; while, if the right to make a second extension is reserved, a short time will usually be sufficient, and long extensions need be made only in the unusual case. We must think that the general application of the practice would delay appeals. The O'Connell Case involved the construction of a special rule in a California district which rule included a 30-day total limit. The Circuit Court of Appeals for the Eighth Circuit in Cudahy v. Omaha, 24 F.(2d) 3, construed the O'Connell Case as dependent upon that particular rule and its special language, and did not apply it to the ordinary case of a

---

[2] U. S. v. Breitling, 20 How. 252, 15 L. Ed. 900, no extension, bill held valid; Muller v. Ehlers, no extension; Hunnicutt v. Peyton, 102 U. S. 333, 26 L. Ed. 113, no extension needed; Davis v. Patrick, 122 U. S. 138, 7 S. Ct. 1102, 30 L. Ed. 1090, bill signed after extension period held valid: Re Chateaugay, 128 U. S. 544, 9 S. Ct. 150, 32 L. Ed. 508, bill signed after term, no express extension, held valid.

[3] The cases cited are: Michigan Ins. Co. v. Eldred, 143 U. S. 293, 298, 12 S. Ct. 450, 36 L. Ed. 162, the original bill of exceptions was signed during the trial term; the amendments over which the controversy existed were signed after that term had expired and without any extension whatever; Hunnicutt v. Peyton, 102 U. S. 333, 353, 26 L. Ed. 113, the bill was settled during the trial term, the rule which allowed only a shorter period was held not jurisdictional; Davis v. Patrick, 122 U. S. 138, 143, 7 S. Ct. 1102, 30 L. Ed. 1090, a stipulation of the parties made during the term carried the matter into the next term, and the delay after the stipulated date was due to the failure of the judge to decide the matter promptly—the bill was held to be valid; Waldron v. Waldron, 156 U. S. 361, 378, 15 S. Ct. 383, 39 L. Ed. 453, the bill of exceptions was held good, the consent of the parties given during the term was effective to carry jurisdiction over, the case is precisely like Davis v. Patrick; Jennings v. Phila., etc., Co., 218 U. S. 255, 256, 31 S. Ct. 1, 54 L. Ed. 1031, the term had expired, and there had been no order of extension—the number of days specified in the regular rule had not expired, but this rule did not purport to extend the term.

second extension. We feel constrained to take the same view; otherwise, in a considerable fraction of the cases in this court since its organization, and of those now pending, the records would show an absence of our right to consider the questions presented. We should not unnecessarily assume that the O'Connell Case was intended to overrule, without mention, the earlier cases hereafter reviewed.

The validity of the second extension, made during the life of the first, has been frequently, expressly or by necessary implication, upheld by the Supreme Court and the Circuit Courts of Appeals. In U. S. v. Breitling, 20 How. 252, 15 L. Ed. 900, the court approved a bill settled after the term, and with no express extension. The principle seems to be that the pendency of the settlement before the judge worked an extension until his decision. See comments in Muller v. Ehlers, 91 U. S. at page 251, 23 L. Ed. 319. In Davis v. Patrick, 122 U. S. 138, 143, 7 S. Ct. 1102, 30 L. Ed. 1090, the time, as extended during the term (by stipulation only), expired during the next term on November 1st. The bill was signed December 8th. In Waldron v. Waldron, 156 U. S. 361, 378, 15 S. Ct. 383, 39 L. Ed. 453, the judgment term expired in December. By stipulation during the term the time was extended so as to expire, at the latest, on February 13th. The bill was signed on February 21st. In each of these two cases, the apparently fatal delay was by the judge or by consent for his convenience, but the bill was held valid. They necessarily implied that there may be a second extension during the life of the first. Nonaction of the judge cannot lawfully extend the time, unless his express order could do so. The consent of the parties cannot give jurisdiction where an extension order could not. Exporters Co. v. Butterworth-Judson Co., supra. In Re Chateaugay, 128 U. S. 524, 9 S. Ct. 150, 32 L. Ed. 508, it was held that a bill could be signed, after the term, and without any express extension. The case may signify that there is an implied extension when the judge cannot be reached, or that the regular rules fixing the time to settle the bill extend the term for that purpose where necessary to make the full time allowed (which would seem to be inconsistent with Jennings v. Philadelphia, B. & W. R. Co., 218 U. S. at page 256, 31 S. Ct. 1, 54 L. Ed. 1031). In Morse v. Anderson, 150 U. S. 156, 158, 14 S. Ct. 43, 37 L. Ed. 1037,

there had been several extensions, each within the life of the proceeding, but the final one had expired. The validity of the earlier extensions was not considered. In Ward v. Cochran, 150 U. S. 597, 602, 14 S. Ct. 230, 37 L. Ed. 1195, the term had expired, and the extension order made during the term had expired, but during the life of this extended period the court had made a further extension, and during the second extension the bill was filed. It was held valid. The ruling seems expressly in point.

This court considered the matter in Camden Iron Works Co. v. Sater, 223 F. 611, 613, holding that such further extensions were valid. Recently we re-examined the subject and repeated the ruling in Watjen v. Louisville Co. (C. C. A.) 29 F.(2d) 801, 803, though without considering the O'Connell Case which did not then come to our attention. The review of its own decisions made by the Eighth Circuit Court of Appeals in the Cudahy Case, supra, shows that the rule of limitation had repeatedly been construed to authorize bills of exceptions to be signed within the first extended period "or any valid extension thereof," and that a second extension made within the life of the first is considered a valid extension. In Stickel v. U. S. (C. C. A.) 294 F. 808, 810, Circuit Judge Sanborn had reviewed and considered the subject, and particularly the O'Connell Case, and had held that the special effect of the local rules applied in that case deprived that decision of relevancy where such rules were not involved, and had said: "It is well settled that after the judgment term and after the expiration without farther extension of an extension beyond the term granted within the term the trial court has lost its jurisdiction to grant further extensions. * * * But no authority has been cited, no decision has been found, no persuasive reason occurs to us, to the effect that, where the trial court has by order made during the judgment term lawfully extended the time for preparing and filing a bill of exceptions and thereby reserved its jurisdiction beyond that term, it has not plenary power by an order made before the expiration of the former extension to make such another extension as in its opinion ought to be made in the interest of justice."

We concur in this, as the statement of the practice prevailing in this circuit, unless in a district where there may be the same local rules as were considered in the O'Connell Case.