**DUNBAR et al. v. UNITED STATES.**

**No. 4881.**

Circuit Court of Appeals, Seventh Circuit.
June 7, 1933.

Rehearing Denied June 30, 1933.

Casper William Ooms, of Chicago, Ill., for appellants.

Frank K. Lemon, U. S. Atty., and Marks Alexander, Asst. U. S. Atty., both of Springfield, Ill.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

SPARKS, Circuit Judge (after stating the facts as above).

We are first confronted with appellee's motion to strike appellants' purported bill of exceptions on the ground that it does not appear that it was settled, allowed, signed and sealed by the court at the term within which the judgment was rendered, nor within the period of time extended by the court for that purpose. The record discloses that the judgment was rendered on December 17, 1930, which was during the October term of that year, and that said term expired April 19, 1931. The time for filing the bill of exceptions was duly and properly extended from time to time until October 12, 1931. On October 13, 1931 there was entered an order purporting to further extend the period for settlement of the bill of exceptions for thirty

days from October 12, 1931, and thereafter there were ordered further extensions of time to May 11, 1932, and no longer. The bill of exceptions was signed and sealed by the court on August 6, 1932.

No explanation is offered for the first delay in not securing the extension of time until October 13 when the period had terminated October 12. The delay from May 11 to August 6 was alleged to have been caused by appellants' inability to pay the expenses incident to the preparation of the bill of exceptions, and in addition, to the fact that during that period they were not represented by counsel. They had been represented by counsel of their own selection at the trial of the cause which resulted in their conviction and the assessment of heavy penalties against them. All of them started serving their sentences at once, Mrs. Dunbar in the Federal Industrial Institution for Women at Alderson, West Virginia, and the others in the federal penitentiary at Leavenworth, Kansas. At this time their financial resources were practically depleted, and their attorney declined to represent them further. During the period until August 6 when the bill was finally signed, Floyd Dunbar was doing everything he could do through the medium of letters from Leavenworth to urge the preparation and presentation of the bill of exceptions and in otherwise perfecting the appeal. On petition filed September 12, 1932, the trial court authorized the Dunbars to prosecute their appeal as poor persons, and this court granted the same privilege and appointed counsel for them on November 15, 1932. Carpenter and Norton were allowed to join January 23, 1933. Under these circumstances we are asked by appellants to accept the bill of exceptions as incorporated in the record, and they base this request upon the principles laid down in Taylor v. United States, 286 U. S. 1, 52 S. Ct. 466, 467, 76 L. Ed. 951; Michigan Insurance Bank v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 36 L. Ed. 162, and Jennings v. Philadelphia, etc., R. Co., 218 U. S. 255, 31 S. Ct. 1, 2, 54 L. Ed. 1031.

In the Taylor Case, the time for settling the bill of exceptions after conviction, which was extended at the request of the government, expired on a Sunday. Both parties went to the court's chambers together on the Saturday preceding and, not finding him, agreed to ask him to sign the bill on Monday. This they did, and the bill was duly signed on that day. The Supreme Court, in reviewing the matter, said,

"In these exceptional circumstances * * * we think the petitioner is entitled to the benefit of the bill. And negativing any intent to relax the general rule, we accept it as adequate and properly incorporated in the record."

In the Michigan Insurance Bank and the Jennings Cases, the time for filing the bills of exceptions had expired by a much shorter period than in the instant case, and the Supreme Court rejected the bills, but incidentally referred to the court's right, under extraordinary circumstances which it did not describe, to sign the bill after expiration of the time granted. In the Jennings Case the Court said,

"So grave a matter as the allowance of a bill of exceptions after the close of the term and after the court had lost all judicial power over the record should not rest upon a mere implication from silence. There should be express consent, or conduct which should equitably estop the opposite party from denying that he had consented."

In Exporters of Mfrs' Products v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 332, 66 L. Ed. 663, a case decided after the Jennings Case, where the parties stipulated in writing on March 1, four days after the expiration of the term, to extend the term to April 6, for the purpose of settling and filing the bill of exceptions, and the trial judge signed it on April 6 in consideration of their stipulation, the Supreme Court held that the bill was not properly a part of the record, saying,

"The terms as extended had expired before any action concerning the bill of exceptions was taken by either court or counsel. In such circumstances the court had no power to approve it, unless this could be conferred by mere consent of counsel. * * * Consent of parties cannot give jurisdiction to courts of the United States. * * * We think the better rule and the one supported by former opinions of this court requires that bills of exceptions shall be signed before the trial court loses jurisdiction of the cause by expiration of the term or such time thereafter as may have been duly prescribed."

■■ In the instant case, regardless of how the delay was caused, and notwithstanding the circumstances which we concede were exceptional, we are convinced that the cases cited are not authority for conferring upon the trial court jurisdiction to sign a bill of exceptions three months after it has lost its jurisdiction by the expiration of the ex-

tended term. It may be that the sentences are too severe, and that the evidence does not warrant a conviction of all the defendants on all the charges, but with those questions we have no power to deal in the absence of a bill of exceptions. Under the circumstances they should more properly be presented to the Department of Justice for mitigation rather than for us to attempt to grant relief by giving effect to an order of the District Court entered after that court had no longer any power to settle a bill of exceptions.

Appellee's motion to strike the bill of exceptions is sustained, and the judgment is affirmed.