WRIGHT et al. v. FARMERS NAT. GRAIN CORPORATION.

Nos. 5659, 5660.

Circuit Court of Appeals, Seventh Circuit.

April 29, 1936.

Rehearing Denied May 27, 1936.

A. F. W. Siebel and Arthur F. Siebel, both of Chicago, Ill., for appellants.

Frederic Burnham and Irving B. Goldsmith, both of Chicago, Ill., for appellee.

Before SPARKS and ALSCHULER, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Each of the appeals here presented challenges the single order of the District Court of September 21, 1935, denying plaintiffs' motion to amend the record and to approve the bill of exceptions. The challenged order resulted from the following:

The trial of the cause in the District Court was concluded on May 29, 1935, at which time the court directed a verdict for the defendant. On the same date and after denial of motions for a new trial and in arrest, judgment was entered for defendant. Plaintiff, thereupon, orally prayed an appeal which was allowed and bond fixed. These orders were all on Wednesday, May 29, and at the May term. The following day was Memorial Day and the May term expired and the June term began the following Monday, June 3. No orders were entered or requested with reference to the filing of a bill of exceptions. On June 18, 1935, counsel for plaintiffs requested of the District Court an extension of time of sixty days within which to present a bill of exceptions, and asserted by affidavit that defendant agreed thereto. Defendant denies the agreement but concedes that the court in response to plaintiffs' request did enter an order granting the time requested. Subsequently, on September 21, the court declined to amend the record to show the alleged consent of defendant to the order of June 18th, and also so declined approval of the bill of exceptions which had been lodged with the clerk within the enlarged period. It is this order of which complaint is now made.

*Motion to amend record:*

[1] Plaintiffs sought to have the District Court amend its record to show that the order of June 18, extending the time for presenting a bill of exceptions was entered with the consent of defendant, and presented in support of their position the affidavit to that effect of one of their counsel. Defendant filed no counter affidavit, but its counsel in open court disputed the alleged agreement. The District Court took the position that it was without authority to amend the record merely on the showing by affidavit of counsel. An extended colloquy ensued on the subject between the District Court and Mr. Siebel, counsel for plaintiffs, culminating in the following:

"The Court: Have you a single authority which holds that I may amend the record based upon simply an affidavit or statement of counsel?

"Mr. Siebel: The record itself can probably not be corrected on the affidavit, if the Court did not make a notation itself from which you can recall what took place at that time.

"The Court: I made no notation."

This abandonment of plaintiffs' position on this aspect of their motion before the District Court prompts us to pass this point without further discussion, and to treat the matter as one where no consent was given.

*Motion to approve bill of exceptions:*

This part of plaintiffs' motion raises directly the question of the right of the trial court to approve a bill of exceptions after the expiration of the term at which judgment was entered.

In Muller et al. v. Ehlers, 91 U.S. 249, 250, 23 L.Ed. 319, the court said: "Upon the adjournment for the term the parties were out of court, and the litigation there was at an end. The plaintiff was discharged from further attendance; and all proceedings thereafter, in his absence and without his consent, were coram non judice. The order of the court, therefore, made at the next term, directing that the bill of exceptions be filed in the cause as of the date of the trial, was a nullity. For

this reason, upon the case as it is presented to us, the bill of exceptions, though returned here, cannot be considered as part of the record."

In Michigan Insurance Bank v. Eldred, 143 U.S. 293, 12 S.Ct. 450, 452, 36 L.Ed. 162, the Supreme Court used the following language: "By the uniform course of decision, no exceptions to rulings at a trial can be considered by this court unless they were taken at the trial, and were also embodied in a formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties; and, save under very extraordinary circumstances, they must be allowed by the judge and filed with the clerk during the same term. After the term has expired, without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end," citing cases.

In O'Connell v. United States, 253 U.S. 142, 40 S.Ct. 444, 445, 64 L.Ed. 827, Michigan Insurance Bank v. Eldred, supra, is quoted with approval and the court adds: "We think the power of the trial court over the cause expired not later than the 14th of December, 1917 [the last extension date], and any proceedings concerning settlement of a bill thereafter were coram non judice," citing Hunnicutt v. Peyton, 102 U.S. 333, 26 L.Ed. 113; Davis v. Patrick, 122 U.S. 138, 7 S.Ct. 1102, 30 L.Ed. 1090; Waldron v. Waldron, 156 U.S. 361, 15 S.Ct. 383, 39 L.Ed. 453; Jennings v. Philadelphia, Baltimore & Washington Ry. Co., 218 U.S. 255, 31 S.Ct. 1, 2, 54 L.Ed. 1031.

In Jennings v. P. B. & W. Ry. Co., supra, the court said, in considering the allowance of a bill of exceptions at a subsequent term: "The proceeding was coram non judice. * * *. The judge and the court had lost all power over the cause, the parties, and the record."

In the case of Exporters, etc., v. Butterworth-Judson Co., 258 U.S. 365, 42 S.Ct. 331, 332, 66 L.Ed. 663, the Supreme Court in answering an interrogatory certified by the Circuit Court of Appeals for the Second Circuit, asserted its affirmation of the announced doctrines of the O'Connell and Eldred Cases, supra, and further said:

"In the present cause the terms as extended had expired before any action concerning the bill of exceptions was taken by either court or counsel. In such circumstances the court had no power to approve it, unless this could be conferred by mere consent of counsel. This they could not do.

"Consent of parties cannot give jurisdiction to courts of the United States. Pittsburgh, C. & St. L. Railway Co. v. Ramsey, 22 Wall. 322, 327, 22 L.Ed. 823. The policy of the law requires that litigation be terminated within a reasonable time and not protracted at the mere option of the parties. See United States v. Mayer, 235 U.S. 55, 70, 35 S.Ct. 16, 59 L.Ed. 129. We think the better rule and the one supported by former opinions of this court requires that bills of exceptions shall be signed before the trial court loses jurisdiction of the cause by expiration of the term or such time thereafter as may have been duly prescribed. The certified question is accordingly answered in the affirmative."

The principles thus enunciated by the Supreme Court have been followed in many previous decisions of this court, notably Rieke Metal Products Co. v. Finney, 70 F.(2d) 509; Hammond Hotel & Improvement Co. v. Chicago Title & Trust Co., 55 F.(2d) 168, and United States v. Todar, 41 F.(2d) 146.

The case of Taylor v. U.S., 286 U.S. 1, 52 S.Ct. 466, 467, 76 L.Ed. 951, decided in 1932, was a case where by proper orders the time for presenting a bill of exceptions had been extended to May 17, 1931 (a Sunday). On Saturday, May 16, the District Attorney and the attorney for the defendant went to the trial court's chambers to present the bill of exceptions for approval, and, failing to find the judge, agreed to ask his signature on Monday, the 18th. On the 18th, with the approval of both parties, the judge signed the bill. The previous delay had been occasioned at the instance of the District Attorney for the purpose of examination of the bill. In this case the court said: "In these exceptional circumstances—the facts being undisputed—we think the petitioner is entitled to the benefit of the bill. And negativing any intent to relax the general rule, we accept it as adequate and properly incorporated in the record."

Again in the very recent case of Patterson v. Alabama, 294 U.S. 600, 55 S.Ct. 575, 79 L.Ed. 1082, the Supreme Court indicated its approval of the practice of permitting a bill of exceptions after the expiration of the time fixed by the trial court, where a most unusual and almost anomalous situation had arisen.

It will thus be seen that the Supreme Court has in some of its earlier decisions indicated by positive language that the trial court was wholly without power to approve a bill of exceptions after the expiration of the term at which judgment was entered (or an enlargement thereof), yet they have in more recent expressions indicated the possession of power but admonished against its exercise except under most extraordinary circumstances. In the Jennings Case the court asserts that any act of the trial court in approval of the bill after the term would be without power and coram non judice, yet in the same opinion, other language is used that would indicate that the court did not intend to assert the total lack of power.

■ It would seem, therefore, more accurate and more in harmony with the purpose of modern jurisprudence and less apt to effect an unconscionable wrong to a party litigant to follow a rule that recognizes the power, but one to be most sparingly exercised. See facts of Patterson v. Alabama, supra.

This court, in the case of Rostello v. United States, 36 F.(2d) 899, followed such a rule. There a bill was seasonably prepared by a defendant, but the trial judge was absent from the district and counsel communicated with the judge and was advised that he would be available for the purpose of receiving the bill on certain days of the following week. At the appointed time defendant presented his bill, and it was found that the court had inadvertently lost sight of defendant's purpose and had a day or two previously adjourned the term. The trial court then signed the bill after the expiration of the term at which judgment was entered and this court held that under such unusual and exceptional circumstances it would be an injustice to deprive the defendant of the benefit of his bill and accordingly approved the signing of the bill. We thus recognized that the court was vested with a power to be judiciously exercised under exceptional circumstances.

■■ Plaintiffs here contend that the District Court, being vested with power to approve the bill, it was an abuse of discretion to withhold its approval. They do not deny that they simply neglected to ask for an enlargement of the time in which they might properly present a bill of exceptions, but aver that in view of the abrupt ending of the trial, the succeeding holiday and the ending of the term about three days later, that such unusual circumstances are presented that the court should approve the bill responsive to their request of June 18th, fifteen days after the term ended. Counsel for plaintiffs assert in their brief and on oral argument that the trial ended on Thursday, May 29, 1935, that the following day, Friday, was Memorial Day, that the following day, Saturday, the trial judge was not holding court and that the May term expired, and the June term began the following Monday, June 1. There is nothing in the record to support the statement that the trial judge was not holding court on Saturday. Reminded, also, of the alleged conduct of one Abraham Lincoln in the defense of Duff Armstrong, we have adverted to our "almanac" and find indisputable evidence that May 29, 1935, was on Wednesday and not Thursday, as alleged, and that counsel is, therefore, chargeable with one full court day that he has apparently overlooked. We also judicially notice that the following Monday was June 3, not June 1.

■ As further unusual and extraordinary circumstances relied upon, counsel assert that the court at the close of the trial entered the motions for new trial, in arrest, etc., granted exceptions to adverse rulings thereon, allowed appeal and fixed the appeal bond, and for that reason seems to infer that some duty rested on the court to enter a motion for defendant for an extension of time within which to present a bill of exceptions.

The record shows the following at the conclusion of the trial:

"The Court: You gentlemen are excused.

"Mr. Siebel: Now, if your Honor, please, my next motion, I presume would be a motion for a new trial.

"The Court: Motion for a new trial overruled. Exception.

"Mr. Siebel: Exception. Motion in arrest of judgment.

"The Court: Overruled and exception.

"Mr. Siebel: Exception.

"The Court: Judgment for the defendant and an exception to the judgment.

"Mr. Siebel: Exception to the judgment and appeal prayed and allowed.

"The Court: Yes.

"Mr. Siebel: Appeal prayed and allowed.

"The Court: Of course, the petition for appeal will be presented in due time. When that is presented, that will be allowed. I can fix the amount of the bond now, so it does not have to come up for discussion later.

"Mr. Siebel: How much for the appeal bond?

"The Court: I think a small bond is enough.

"Mr. Siebel: I think we had a small bond, $250.00 before.

"The Court: I think so. I don't see where a large bond is required. The appellants pay the costs anyway as they go along. $250.00 bond.

"Mr. Siebel: I think that is all the motions.

"The Court: All the motions."

It appears that the court did assume a helpful attitude toward counsel in the making of the record for appeal, and later regretfully noted that it failed to contain orders for the presentation of a bill of exceptions, yet it would be far afield to undertake to impose a burden on the court that so clearly rested on counsel's shoulders. The following language of the Supreme Court in the case of Michigan Insurance Bank v. Eldred, supra, is appropriate: "The duty of seasonably drawing up and tendering a bill of exceptions * * * belongs to the excepting party, and not to the court; the trial court has only to consider whether the bill tendered by the party is in due time, in legal form, and conformable to the truth."

█ It is further asserted that the appearance of defendant in court on June 18th and the alleged consent to an extension of time to present a bill constitutes a further circumstance justifying approval. It is sufficient to note that the record shows no such consent, but even if it did, this was long after the default occurred and could have little if any bearing on the question. Plaintiffs' position that consent alone warrants approval of a bill after the term has expired is not without support in some decisions of lower courts to which we find it unnecessary to refer, but we do not think such position justified under the holdings of the Supreme Court.

The Circuit Court of Appeals of the Eighth Circuit thought that a stipulation of parties made during the judgment term or any valid extension thereof that the court may settle the bill of exceptions within a specified period, would enable the court during such specified period to perform such act, but that a stipulation after the expiration of the judgment term, and after the expiration of any valid extension thereof, cannot confer jurisdiction on the court to settle a bill of exceptions, and so held in Great Northern Life Insurance Company v. Dixon, 22 F.(2d) 655. Such holding finds support in Waldron v. Waldron, 156 U.S. 361, 15 S.Ct. 383, 39 L.Ed. 453, and other cases.

We conclude, therefore, that while it is not accurate to say that a court will under no circumstances permit a bill of exceptions to be presented after the expiration of the judgment term, or a valid enlargement thereof, most unusual and extraordinary circumstances are required to move a court to a variation of the long-established rule requiring a bill to be presented during the judgment term. This position we think consonant with the recent expression of the Supreme Court in the Taylor Case, supra, wherein they expressly negative any intention of relaxation of the general rule.

The circumstances here relied upon do not reach the dignity of "unusual and extraordinary circumstances," requiring a variation of the rule.

The judgment is affirmed.