By the Court. Paine, J.
This was an action against the defendant, who was a city constable, to recover damages for the seizure and sale of goods under a warrant of the collector of taxes, upon a house and lot in the city of Hew York, imposed by the supervisors.
The plaintiff insists that her house is exempt from, taxation, under the statutes of the state, because it was erected for and is *413 used as a seminary of learning. It appears that the building was, in fact, finished for a young ladies’ boarding and day-school, and has been occupied for that purpose ever since its erection. It covers three lots, and consists of three ordinary large-sized dwelling-houses thrown into one, and is principally used for the accommodation of boarders.
The plaintiff relies for the exemption claimed by her, upon the eighth chapter of the first part of the revised statutes, which provides for the “ assessment and collection of taxes.” The fourth section of the first title, in enumerating the kinds of property exempt from taxation, provides that “ Every building erected for the use of a college, incorporated academy, or other seminary of learning; every building for public worship; every school-house, court-house, and jail; and the several lots whereon such buildings are situated, and the furniture belonging to each of them,” shall be exempt from taxation.
It is urged on behalf of the plaintiff, that the premises are a seminary of learning, within the meaning of this statute. It is very questionable, however, to say the least, whether upon a just construction of it, boarding-schools of this description are comprehended within its letter or spirit. This school was established by private enterprise, is under no legal or public control, and is no more of a public character than any boarding-house or other private property used for the accommodation of the public. On the other hand, the institutions among which seminaries of learning are classed in this statute, are not merely of a public character, and under the management and control of the public, but are incorporated and endowed by the state. The clause is, “ Every building erected for the use of a college, incorporated academy,-or other seminary of learning.” The maxim nosoit-wr a sogUs appears ‘to be applicable here, and to limit the exemption from taxation to such seminaries alone as are incorporated. The expression was, no doubt, intended to cover such incorporated institutions of this description, as might not be properly called colleges or academies.
Neither does it appear to us that the school in question is any more within the spirit than the letter of the statute. We certainly do not mean to detract from the great responsibility and *414 usefulness of this and similar schools; but taxation is designed to be an equal burden upon all; and if any inequality is allowed to exist, it is supposed to be in favor of the poor rather than of the rich. Boarding-schools, however, are not within the reach- of the poor. Their children live in such accommodations as can be provided for them at home, and are taught at schools which are common to all, and which are expressly exempted from taxation. If boarding-schools, therefore, were exempted from taxation, it would be exclusively for the benefit of the rich.
The exemption claimed would seem, too, to be as impolitic as it would be unequal and unjust. The law, while it exempts public property, seeks to subject all private property, or property devoted to private benefit, to taxation. How boarding schools do not merely furnish a place for the instruction of their pupils ; that is but a small part of the use to which they are devoted; they also provide accommodations for considerable portions of the families of the rich. If the children of the rich are kept at boarding schools, as they often are, for a great 'part of their childhood and youth, it is quite -obvious, that their parents, by being freed from the necessity of supporting them, and providing apartments for them at home, are to the same extent, if they choose to be, relieved from taxation.
But whatever doubt there may have been upon this question, appears to have been removed by legislative construction. The chapter which I have cited from the revised statutes, is a reenactment with some alterations of “ an act for the assessment and collection of taxes,” jjassed April 23, 1823. (Laws of 1823, p. 391, § 3.) This act provides, that “ no college or incorporated academy, nor any building for public worship, school house,” &c., shall be liable to taxation. The plaintiff’s boarding school could not have been comprehended in this act, except under the word “ school house.” The legislature, by the act of April 6, 1825, entitled “ an act respecting the collection of taxes in the City of Hew York,” (Laws of 1825, p. 129, § 3,) have declared or limited the meaning of the act of 1823 in this particular, by providing, that “ the exemption from taxation of any building for public worship, or any school under and by virtue of the third section of the act of 23d April, 1823, shall not extend or *415 apply to any such, building or premises in the said city, unless the'same shall be exclusively rised for such purposes, and exclusively the property of a religious society, or the ISTew York Free School Society.”
It was admitted, on the argument, by the counsel of both parties, that if the act of 1825 was still in force, it settled the question; but the plaintiff’s counsel contended that that act had been repealed by the general repealing act of the revised statutes, and that the question was unaffected except by the chapter which I have cited from the revised statutes. And he contended that the act of 1825 was repealed in this manner : The general repealing act (3 R. S. 165, § 398) repeals the act of 1823, and “ all acts amending the same.” And he insists that as the act of 1825 amends the act of 1823, the act of 1825 is repealed.
Perhaps the act of 1825 does, in this single particular, in effect, amend the act of 1823 ; but it does not purport to be, and is not entitled, an amendatory act. We do not think, therefore, that it comes within the repealing statute. It is not to bo supposed, that in framing the repealing statute, the legislature intended to describe the acts repealed by their contents, various, promiscuous, and unrelated as the contents of some of those numerous acts were. The usual, if not the universal, mode of repealing statutes is, to distinguish them by their name or title. And it would not be safe to admit of a less degree of certainty, in an express repealing statute; unless possibly in a case where something in the nature, object, or spirit of the subject matter showed a clear intent. Such is not the case here. And I think an examination of the repealing statute, will show that the rule we have adverted to was uniformly acted upon by the legislature in framing that act.
Besides, the list of acts not repealed by the revision, published in the third volume of the first edition of the revised statutes, (3 R. S. 660,) contains this act; and the revisers in their preface to that volume say, that that and the other lists published in that volume, were inserted in compliance with the directions of the legislature.
The judgment in favor of the plaintiff, at the special term, must be reversed, and judgment entered for the defendant.