## WESTERN DREDGING & IMPROVEMENT CO. v. HELDMAIER.

(Circuit Court of Appeals, Seventh Circuit. October 15, 1901.)

### No. 808.

BILL OF EXCEPTIONS—AUTHORITY TO ALLOW—ABSENCE OF TRIAL JUDGE.

In Rev. St. § 953, as amended by Act June 5, 1900 (31 Stat. 270), which permits the allowance and signing of a bill of exceptions by another judge thereafter holding the court, when the judge before whom the cause was tried is, "by reason of death, sickness or other disability," unable to allow and sign the same, the term "other disability" means a physical or mental disability of like character to death or sickness, by which the trial judge is disabled from the performance of judicial functions, and his absence from the district or circuit, merely, does not authorize the allowance and signing of a bill of exceptions by another judge.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

On motion to strike out bill of exceptions.

The trial of this cause was had before the district judge of the United States for the Eastern district of Wisconsin, presiding by assignment in the court below. Subsequently at the same term of court a bill of exceptions was prepared and presented to the district judge of the United States for the Northern district of Illinois, who signed and attached thereto the following certificate: "And, for as much as the matters above set forth do not fully appear of record, the plaintiff tenders this his abstract of record and bill of exceptions, and prays that the same may be signed and sealed

by the judge of this court pursuant to rules thereof, which certificate is (in the absence of the trial judge, Hon. Wm. H. Seaman, from the circuit) accordingly made and herewith attached this 27 day of June, A. D. 1901." The bill was at no time attested by the judge who tried the cause. The act of June 5, 1900 (31 Stat. 270), amends section 953 of the Revised Statutes so that it reads as follows: "Sec. 953. That a bill of exceptions allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried, or by the presiding judge thereof if more than one judge sat at the trial of the cause, without any seal of the court or judge annexed thereto. And in case the judge before whom the cause has heretofore been or may hereafter be tried is, by reason of death, sickness or other disability, unable to hear and pass upon the motion for a new trial and allow and sign said bill of exceptions, then the judge who succeeds such trial judge, or any other judge of the court in which the cause was tried, holding such court thereafter, if the evidence in such cause has been or is taken in stenographic notes, or if the said judge is satisfied by any other means that he can pass upon such motion and allow a true bill of exceptions, shall pass upon said motion and allow and sign such bill of exceptions; and his ruling upon such motion and allowance and signing of such bill of exceptions shall be as valid as if such ruling and allowance and signing of such bill of exceptions had been made by the judge before whom such cause was tried; but in case such judge is satisfied that owing to the fact that he did not preside at the trial, or for any other cause, that he cannot fairly pass upon said motion, and allow and sign said bill of exceptions, then he may in his discretion grant a new trial to the party moving therefor." The defendant in error now moves the court to suppress and strike from the abstract of record and return to the writ of error so much thereof as includes the bill of exceptions so signed and filed in the court below.

Ira C. Wood, for the motion.

John M. Duffy, opposed.

Before JENKINS and GROSSCUP, Circuit Judges.

JENKINS, Circuit Judge (after stating the facts). Before the amendment of section 953, Rev. St., by the act above quoted, it was settled that the allowance and signing of the bill of exceptions can only be done by the judge before whom the case was tried. Malony v. Adsit, 175 U. S. 281, 20 Sup. Ct. 115, 44 L. Ed. 163. The amendment permits such allowance and signing by another judge thereafter holding the court when the judge before whom the cause was tried is, "by reason of sickness, death or other disability," unable to allow and sign the bill of exceptions. Here the signing judge certified that the certificate was made by him and attached "in the absence of the trial judge from the circuit." Is such absence from the circuit a disability, within the meaning of the statute? It is an accepted canon in the construction of statutes that "when particular words are followed by general ones the latter are to be held to apply to persons and things of the same kind as those which precede." Potter, Dwar. St. 236, 292. Thus, in Chegaray v. Jenkins, 3 Sandf. 409, and Same v. Mayor, 13 N. Y. 220–228, the statute in question exempted from taxation "incorporated academy or other seminary of learning," and it was held that the exemption from taxation was limited to incorporated seminaries. In Cleaver v. Cleaver, 39 Wis. 96, 20 Am. Rep. 30, the statute saved a devise or legacy to "any child or other relation of the testator" in case of the death of the devisee or legatee before the testator. It was held in an elaborate opinion by

Chief Justice Ryan that the word "relation" includes only relations by consanguinity. In the case at bar the statute authorizes the allowance and signing of the bill of exceptions by a judge other than the trial judge only in case of "death, sickness or other disability" of the trial judge. Noscitur a sociis. The term "other disability" means disability of like character to death or sickness, not a disability arising from temporary absence from the district or circuit, if, indeed, legal disability could arise by reason of absence from the district. The statute means a physical or mental disability arising from either death, sickness, insanity, or disorder of like character by reason of which the judge was disabled from the performance of judicial function. The mere absence from the district or circuit in which the case was tried is not such a disability. If it be needful that the trial judge should be personally present in the district to allow and sign the bill of exceptions, his presence should be procured. In the district from which this cause comes it is usual to procure the attendance of the district judges from other districts to hold court in aid of the despatch of business. It is not supposable that the statute designed that during the temporary absence of the trial judge from the district the difficult and delicate duty of correctly stating the conduct of trials held by him should be devolved upon a judge wholly uninformed in respect thereto. The statute sought to provide for an emergency where there would be a failure of justice unless the extraordinary remedy could be employed. We are of the opinion that the statute should not be extended to the case before us, and that no legal cause is stated for the allowance and signing of the bill of exceptions by a judge other than the trial judge.

The motion is allowed.