## LEE WON JEONG v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 14, 1906.)[1]

### No. 1,265.

1. ALIENS—CHINESE—DEPORTATION—JUDGMENT—RECITAL OF FACTS.

Where a judgment for the deportation of a Chinese person recited that it appeared to the court that accused was a Chinese laborer and a subject of the Emperor of China; that he was not registered as required by Acts Cong. approved May 5, 1892, c. 60, § 6, 27 Stat. 25, and Act Cong. Nov. 3, 1893, (chapter 14, § 1, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1320]), and that he did not belong to one of the classes of Chinese excepted by said acts from such registration, and was unlawfully within the United States, it was not objectionable for failure to state sufficient facts to sustain it.

[Ed. Notes.—Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

2. APPEAL—RECORD—BILL OF EXCEPTIONS—EVIDENCE—REVIEW.

Where the evidence printed in the record was not embodied in a bill of exceptions or otherwise authenticated as having been used before the trial court, assignments of error based on the evidence could not be reviewed.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 2433–2440.]

Appeal from the District Court of the United States for the District of Oregon.

For opinion below, see 136 Fed. 701.

Edwin Mays, for appellant.

W. C. Bristol, U. S. Atty.; and Edward E. Cushman, Special Asst. to Atty. Gen., for the United States.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. This is an appeal from the judgment of the court below directing the deportation of the appellant to China, affirming a like order of the United States commissioner at Portland, Or., based upon a verified complaint of one of the government's Chinese inspectors charging that the appellant was unlawfully within the United States and within the jurisdiction of the court below, in that he was a subject of the Emperor of China, and without the certificate of registration, or other document or lawful authority entitling him to be or remain within the United States, that he was a laborer, and

did not belong to any of the excepted classes of Chinese persons provided for by law. From the opinion of the court below found in the record it appears that seven other Chinese persons were proceeded against in like manner and at the same time, in respect to five of which the court, after reviewing the testimony given on behalf of the respective parties, reversed the action of the commissioner directing their deportation, and discharged them; but in respect to the present appellant and one Lee Jo Yen, the court affirmed the commissioner's order of deportation, saying in the opinion:

"Whatever consideration I might otherwise be disposed to give to the testimony in behalf of these defendants, the unexplained fact admitted by them that they came from Seattle to Portland via Pasco, and, upon their arrival at The Dalles, got off the cars and came to Portland by boat, convinces me that they are unlawfully in the country, and that the consciousness of such fact prompted them to adopt this devious route and course to escape detection and arrest on their arrival in Portland."

The judgment of the court below that is appealed from is as follows:

"This cause was tried by the court upon appeal from the order of E. D. McKee, United States commissioner, ordering said defendant deported from the United States to China, and upon the testimony offered before this court on behalf of the plaintiff and defendant; and was argued by Mr. William W. Banks, assistant United States attorney, and by Mr. Edwin Mays, of counsel for said defendant; and it appearing to the court that said defendant, Lee Wong Jeong, is a Chinese laborer and a subject of the Emperor of China, that he has not registered as required by Acts Cong. approved May 5, 1892, (chapter 60, § 6, 27 Stat. 25), and Act Cong. Nov. 3, 1893, c. 14, § 1, 28 Stat. 7 [U. S. Comp. St. 1901. p. 1320], and that he does not belong to one of the classes of Chinese excepted by said acts from such registration; and is now unlawfully in the United States: It is therefore ordered and adjudged that said defendant, Lee Won Jeong, be deported from the United States to China forthwith."

The first assignment of error is to the effect that the court erred in affirming the decision of the commissioner "without finding the facts upon which said order could be based." ·

The second assignment is to the effect that the court below erred "in not making and filing findings of fact and conclusions of law, as without these there are no grounds for the order affirming the commissioner's order of deportation." It is sufficient to say in response to these assignments that the facts upon which the court below proceeded are sufficiently stated in the judgment.

The remaining assignments of error are based upon the evidence printed in the record, which, however, is not embodied in a bill of exceptions, or otherwise authenticated as having been used before the court below. It cannot therefore be considered here.

Motion to dismiss and to strike out denied, and the judgment affirmed.