## WALTON v. SOUTHERN PAC. CO.
### No. 6421.

Circuit Court of Appeals, Ninth Circuit.
Oct. 14, 1931.

Thomas F. McCue, of San Francisco, Cal., for appellant.

Guy V. Shoup, A. B. Dunne, and Dunne, Dunne & Cook, all of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

SAWTELLE, Circuit Judge.

This is an appeal from the United States District Court for the Northern District of California, Southern Division. Since the sufficiency of the bill of exceptions is brought into question, on the ground that it was not authenticated by the trial judge, it will be necessary to review certain proceedings before the trial court and before this court.

An action was brought in the court below under the Federal Employers' Liability Act (45 USCA §§ 51–59) for personal injuries alleged to have been received by the appellant while he was employed as hostler's helper by the appellee.

After denying the material allegations of the complaint, the defendant's answer set up four separate defenses, as follows: Contributory negligence on the part of the plaintiff; assumption of risk; that the case falls within the Workmen's Compensation Act of California, and that the Industrial Accident Commission of that state has sole jurisdiction of all matters connected with plaintiff's injury; and that the defendant performed all the things required by the Compensation Act (St. Cal. 1917, p. 831 as amended) with respect to providing medical attention, and in addition paid plaintiff compensation pursuant to said act.

At the close of the appellant's case, the appellee moved for a directed verdict. The motion was granted by the trial court, and a "judgment of nonsuit" was rendered accordingly on February 25, 1931. On that day the plaintiff-appellant was allowed 30 days in which "to settle and allow a bill of exceptions."

According to a certificate signed by the clerk of the District Court, filed in this court, and according to other statements that we will discuss later, the case was tried entirely before the Honorable Frank H. Kerrigan, District Judge. According to another certificate signed by the clerk and on file in this court, Judge Kerrigan was absent from the District of California from March 23, 1931, to April 4, 1931. Judge Kerrigan himself has certified that he was absent from March 21, 1931, to April 6, 1931.

On March 23, 1931, the new draft of the purported bill of exceptions was presented to and was signed by the Honorable A. F. St. Sure, one of the judges of the Northern District of California. According to Judge St. Sure's amended certificate, filed in this court by the plaintiff-appellant, the purported bill of exceptions, as signed, contained all of the amendments offered by defendant-appellee's counsel. It was presented to Judge St. Sure for signature without notice to defendant-appellee, according to a certificate filed in this court by the latter's counsel. Appellee asserts that because of lack of notice "alone there was no contest or appearance" when the purported bill was presented to Judge St. Sure.

On June 4, 1931, counsel for the defendant-appellee filed in this court notice of a motion to be made by him on June 10, 1931, for an order to strike the purported bill of exceptions from the transcript, and thereupon to affirm the judgment and/or dismiss the appeal. The ground given for the intended motion was the fact that the purported bill of exceptions was not signed or otherwise authenticated by the judge before whom the case had been tried.

On June 10, 1931, counsel for the plaintiff-appellant filed in this court a motion for an order allowing him to file the purported bill of exceptions, "with the certificate thereto attached nunc pro tunc," as of March 23, 1931, said certificate to be signed by Judge Kerrigan, whom the motion describes as "the Judge who tried said case." The motion recited that it was based upon the order of the court at the close of the trial, granting the plaintiff-appellant 30 days in which to have "settled and allowed" a bill of exceptions, as set forth above; that the original draft of plaintiff's proposed bill of exceptions was served upon counsel for the defendant on March 4, 1931; that thereafter the defendant served upon plaintiff's counsel its proposed amendments; that thereafter the plaintiff prepared a new draft of the bill, etc., as aforesaid; and that, at the time that Judge St. Sure signed the purported bill, Judge Kerrigan had been assigned for temporary duty in the district of Arizona. The motion set forth that it was also based upon certificates by Judge Kerrigan and Judge St. Sure, already on file in this court, and upon the affidavit of plaintiff-appellant's counsel.

Both motions were argued and submitted on briefs.

The statute is clear as to who shall sign a bill of exceptions: "A bill of exceptions allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the

court in which the cause was tried, or by the presiding judge thereof if more than one judge sat at the trial of the cause, without any seal of the court or judge annexed thereto. And in case the judge before whom the cause has heretofore been or may hereafter be tried is, by reason of death, sickness, or other disability, unable to hear and pass upon the motion for a new trial and allow and sign said bill of exceptions, then the judge who succeeds such trial judge, or any other judge of the court in which the cause was tried, holding such court thereafter, if the evidence in such cause has been or is taken in stenographic notes, or if the said judge is satisfied by any other means that he can pass upon such motion and allow a true bill of exceptions, shall pass upon said motion and allow and sign such bill of exceptions; and his ruling upon such motion and allowance and signing of such bill of exceptions shall be as valid as if such ruling and allowance and signing of such bill of exceptions had been made by the judge before whom such cause was tried; but in case said judge is satisfied that owing to the fact that he did not preside at the trial, or for any other cause, that he can not fairly pass upon said motion, and allow and sign said bill of exceptions, then he may in his discretion grant a new trial to the party moving therefor." U. S. Rev. St. § 953, as amended; 28 USCA § 776.

Rule 8 of the United States District Court for the Northern District of California reads as follows: "For the purpose of making and filing bills of exception and of making any and all motions in connection therewith, together with motions for new trials and petitions for rehearings, each term of this Court shall be and hereby is extended so as to comprise a period of three calendar months beginning on the date on which verdict is rendered or judgment or decree entered."

Rule 45 of the same court provides as follows: "A party desiring to have a bill of exceptions settled shall prepare and lodge a draft thereof, with proof or admission of service of a copy on the adverse party or counsel, within ten days after sentence in a criminal case, or within ten days after service upon him of written notice of entry of judgment in a civil case, or if proceedings on motion for a new trial be pending in a civil case, then within ten days after service upon him of written notice of the order denying the motion. The adverse party shall, within ten days after service of the proposed draft, in like manner serve and lodge proposed amendments to the bill. After the expiration of the time allowed, the bill and amendments shall be presented to the Judge for settlement after notice to the adverse party. If no amendments are lodged, no notice of presentation shall be required. The time within which the bill and amendments are required to be served and lodged may be extended by order of Court."

In his reply brief, appellant says: "All the appellee's argument upon the 'settling' of the bill of exceptions is empty and devoid of merit, because it admits that all its proposed amendments are actually incorporated in the bill of exceptions. The word 'settle' as used in the proceedings relative to allowing a bill of exceptions, means *to determine a controversy* as to what the bill should contain. Here there was no controversy to settle, etc."

Appellant cites no authority for his contention that, in order that a bill should be "settled," there must be a controversy over its contents. On the contrary, there is ample authority for the view that "settling" a bill of exceptions is tantamount to "approving" or "allowing" it. 7 Words and Phrases, First Series, page 6449 (1905 Ed.). There need be no controversy, in order that a bill of exceptions be "settled."

Appellant strenuously contends "that a court will not look beyond the record to impeach it." This principle of appellate action is, of course, fundamental. But nowhere can be found authority which holds that a court may not look *at* the record. If the transcript is *intrinsically* defective, if it fails to recite essential facts, it must fall of its own weight. No evidence aliunde is necessary in the present instance to establish the fact that the purported bill of exceptions on its face fails to disclose that it was signed by the trial judge. The doctrine of presumption of regularity cannot be invoked to compel a court to read into the record that which is not there. There is nothing peculiar or sacred about a bill of exceptions which puts it beyond the pale of judicial scrutiny.

If the signature of the trial judge does not even *purport* to be there, must this court supply the essential allegation—particularly if it is an untrue one? The trial judge did not sign the bill of exceptions, nor does the bill recite that he did so. There is no peg upon which to hang a presumption of regularity.

A bill of exceptions, to be unimpeachable, must in reality be a bill of exceptions. Some of the very authorities cited by the appellant establish this principle. In the excerpt from

Moss v. Gulf Compress Co. (C. C. A.) 202 F. 657, 659, quoted in the appellant's brief, we find the following language: "The original printed record in the cause comes to this court under the hand and seal of the clerk of the District Court of the proper district, and *properly authenticates these proceedings as having occurred in the District Court,* and this controls the recital in the captions of the various proceedings mentioned." (Italics our own.)

In that case, the error lay in the fact that the papers bore the captions "Circuit Court" instead of ".District Court," though the Circuit Court had been abolished before the writ of error was sued out. It was held that the "proper authentication" of the clerk of the District Court, labeling the proceedings "as having occurred in the District Court," cured the defects in the caption.

In the instant bill of exceptions, we find no authentication of the record by Judge St. Sure as *trial judge.*

Again, appellant quotes the text in 4 Corpus Juris, p. 515, as follows: "Since a bill of exceptions *when properly settled and authenticated* becomes a record, it imports absolute verity and cannot be impeached." (Italics our own.)

We cannot see how it can be claimed that a purported bill of exceptions which was not signed by the trial judge, *and does not recite that it was so signed,* or does not contain facts showing any of the recognized exceptions why it was not so signed, is "properly settled and authenticated."

It is not necessary, however, to rely solely upon the lack of essential averments in the bill itself. The document contains affirmative evidence that Judge St. Sure was not the trial judge, and we have before us other papers duly filed in this court to the same effect.

1. On page 24 of the printed transcript we find the caption "No. 18, 791—K." In a certificate by the clerk of the District Court, filed in this court on June 4, 1931, it is set forth that causes marked "K" indicate that they have been "assigned to the Division of Honorable Frank H. Kerrigan."

2. The same certificate by the clerk states that Judge Kerrigan was in fact the trial judge.

3. Judge Kerrigan himself so certifies.

4. Judge St. Sure's amended certificate to the bill of exceptions, *filed by the appellant,* recites: " * * * The time in which to have said bill of exceptions allowed, in accordance with the order of Judge Kerrigan at the time of the trial, would have expired on the 24th day of March, 1931. * * *" [Rule 8, supra, extends the term for three months from date of judgment, in this case to May 25, 1931.]

5. Appellant's motion to be allowed to file "a correct bill of exceptions" with a certificate nunc pro tunc, to be signed by Judge Kerrigan, describes Judge Kerrigan as "the Judge who tried said case."

6. The citation on appeal, on page 58 of the typewritten record, shows that the name "Frank H. Kerrigan" was first typed, and was then stricken out and the name "A. F. St. Sure" substituted in handwriting.

7. The judge's certificate allowing the bill of exceptions, on page 48 of the typewritten record, shows the name "Frank H. Kerrigan" as originally typed, such name being later "X'd" out on the typewriter and the name "A. F. St. Sure" typed on the line above.

If the two judges involved, the clerk of the trial court, and counsel for each side agree to a fact already indicated by the letter "K" in the transcript, and in other ways, such fact truly can be said to have been proved, not only to a moral or legal certainty, but to a mathematical certainty!

Proceeding from this premise, then, that Judge St. Sure was neither in fact nor on the face of the record the trial judge, we advert to the question of whether or not this case comes within the statutory exceptions that permit a judge other than the one who presided over the trial to sign the bill of exceptions. As we have seen, the exceptions allowed by the statute arise from "death, sickness or other disability." Mere absence from the district does not fall under the classification of "other disability."

In Western Dredging & Improvement Co. v. Heldmaier (C. C. A. 7) 111 F. 123, 125, the above phrase was lucidly interpreted by the court in the following language: "The term 'other disability' means disability of like character to death or sickness, not a disability arising from temporary absence from the district or circuit, if, indeed, legal disability could arise by reason of absence from the district. The statute means a physical or mental disability arising from either death, sickness, insanity, or disorder of like character by reason of which the judge was disabled from the performance of judicial function. The mere absence from the district or circuit in which the case was tried is not such a disability. If it be needful that the trial judge should be personally present in the district to allow and sign the bill of exceptions, his presence should be procured. * * *

It is not supposable that the statute designed that during the temporary absence of the trial judge from the district the difficult and delicate duty of correctly stating the conduct of trials held by him should be devolved upon a judge wholly uninformed in respect thereto. The statute sought to provide for an emergency where there would be a failure of justice unless the extraordinary remedy could be employed."

In the well-considered opinion in Ulmer et al. v. United States, 266 F. 176, 181, the Second Circuit Court of Appeals cited the above case with approval, saying: "The majority of this court, therefore, are of the opinion expressed by the Circuit Court of Appeals in the Seventh Circuit in Western Dredging & Improvement Co. v. Heldmaier, supra, and hold that the absence of the trial judge from the district is not a disability within the meaning of the statute, so as to allow the bill to be allowed and signed by another judge who is within the district."

See, also, O'Brien, Manual of Federal Appellate Procedure, pp. 48, 49.

The trial term expired on the first Monday in March, 1931. 28 USCA § 145. Under rule 8 of the District Court, supra, the time for "making and filing" a bill of exceptions in the instant case expired May 25, 1931—three calendar months after the judgment was entered. During that time the trial judge was absent from the district for but 16 days at the most. Judge Kerrigan returned to the district in the early part of April, and he remained in the district for the entire six weeks between the date of his return and the date of the expiration of the time for filing a bill of exceptions in this case.

Under the circumstances, Judge Kerrigan could not now sign a bill of exceptions, nunc pro tunc. As was said by Mr. Justice Gray in Michigan Insurance Bank v. Eldred, 143 U. S. 293, 298, 12 S. Ct. 450, 452, 36 L. Ed. 162: "By the uniform course of decision, no exceptions to rulings at a trial can be considered by this court unless they were taken at the trial, and were also embodied in a formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties; and, save under very extraordinary circumstances, they must be allowed by the judge and filed with the clerk during the same term. After the term has expired, without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been en-

tered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end. United States v. Breitling, 20 How. 252 [15 L. Ed. 900]; Muller v. Ehlers, 91 U. S. 249 [23 L. Ed. 319]; Jones v. Grover & Baker Co., 131 U. S. append. 150 [24 L. Ed. 925]; Hunnicutt v. Peyton, 102 U. S. 333 [26 L. Ed. 113]; Davis v. Patrick, 122 U. S. 138, 7 S. Ct. 1102 [30 L. Ed. 1090]; Chateaugay Co., Petitioner, 128 U. S. 544, 9 S. Ct. 150 [32 L. Ed. 508]."

The necessity for "special circumstances" as the sole means of bringing about the relaxation of this rule is reiterated in Hume v. Bowie, 148 U. S. 245, 253, 13 S. Ct. 582, 584, 37 L. Ed. 438, in which Mr. Chief Justice Fuller used the following language: "The rule is unquestionably correctly laid down in Muller v. Ehlers, 91 U. S. 249 [23 L. Ed. 319], that when judgment has been rendered, and the term expires, a bill of exceptions cannot be allowed, signed, and filed as of the date of the trial, in the absence of any special circumstances in the case, and without the consent of parties or any previous order of court. But it is always allowable, if the exceptions be seasonably taken and reserved, that they may be drawn out and signed by the judge afterwards, and the time within which this may be done must depend upon the rules and practice of the court and the judicial discretion of the presiding judge. Dredge v. Forsyth, 2 Black, 563 [17 L. Ed. 253]; Chateaugay Iron Co., Petitioner, 128 U. S. 544, 9 S. Ct. 150 [32 L. Ed. 508]."

The principle enunciated in the Michigan Insurance Bank Case, supra, has been reaffirmed more recently in the case of O'Connell et al. v. United States, 253 U. S. 142, 146, 147, 40 S. Ct. 444, 64 L. Ed. 827; Exporters of Manufacturers' Products, Inc., v. Butterworth-Judson Co., 258 U. S. 365, 368, 369, 42 S. Ct. 331, 332, 66 L. Ed. 663. In the latter case, after referring to O'Connell v. United States, supra, Mr. Justice McReynolds said:

"And, applying this rule, we held the bill of exceptions, signed by the trial judge after expiration of the time allowed by the rule of court, was no part of the record.

"In the present cause the terms as extended had expired before any action concerning the bill of exceptions was taken by either court or counsel. In such circumstances the court had no power to approve it, unless this could be conferred by mere consent of counsel. This they could not do.

"Consent of parties cannot give jurisdiction to courts of the United States. Railway Co. v. Ramsey, 22 Wall. 322, 327, 22 L. Ed. 823. The policy of the law requires that litigation be terminated within a reasonable time and not protracted at the mere option of the parties. See United States v. Mayer, 235 U. S. 55, 70, 35 S. Ct. 16, 59 L. Ed. 129. We think the better rule and the one supported by former opinions of this court requires that bills of .exceptions shall be signed before the trial court loses jurisdiction of the cause by expiration of the term or such time thereafter as may have been duly prescribed."

That doctrine has been followed in this court. In Twohy Bros. Co. v. Kennedy, 295 F. 462, 463, Judge Gilbert said: "It is to be conceded that, if the court had on August 2 lost its jurisdiction to permit the filing of the bill of exceptions, it could not by a mere order nunc pro tunc reinvest itself of that jurisdiction as of July 8. * * * "

The Twohy Bros. Co. Case was cited with approval, but distinguished on the facts, in United States v. Konstovich (C. C. A. 4) 17 F.(2d) 84, 85. See, also, Goetzinger et al. v. Woodley et al. (C. C. A. 4) 17 F.(2d) 83; Norwood v. U. S. (C. C. A. 4) 18 F.(2d) 577; Farmers' Union Grain Co. v. Hallet & Carey Co. (C. C. A. 8) 22 F.(2d) 796; In re Bills of Exceptions (C. C. A. 6) 37 F.(2d) 849, 850, 851; United States v. Seale (C. C. A. 5) 45 F.(2d) 394; and Osborn v. United States (C. C. A. 4) 50 F.(2d) 712, 713, decided June 17, 1931.

Appellant relies heavily upon Western Dredging & Improvement Co. v. Heldmaier (C. C. A. 7) 116 F. 179, 185. The principle laid down in that case, however, is identical with that which we are sustaining in the present controversy:

"It is however a circumstance not to be lost sight of in the consideration of the question whether the plaintiff in error has been guilty of delay working injury to the defendant. The bill failed of signature by the trial judge at the term, *not through any fault of counsel presenting it. He had done all that he could.* The trial judge was absent from the circuit. It could not be signed by him without the district. His presence was necessary. The term was at its close. The presence of the judge could not be obtained. The bill was presented in court, and by the court ordered filed. *The delay in the signing by the trial judge, not being due to the neglect of the parties, must be deemed a case of delay for the convenience of the trial judge, and to fall within the exception declared in Davis v.*

*Patrick and In re Chateaugay Iron & Ore Co., supra."* (Italics our own.)

In the instant case, the appellant is the author of his own misfortune. He had ample time in which to have his bill of exceptions signed by the trial judge, both before and after the latter's absence from the district. Furthermore, when the appellant presented the new draft of the bill of exceptions to one of the other judges of the district, he failed to give notice to the adverse party, as required by rule 45, supra. Had he done so, the legality of having Judge St. Sure sign the document could have been then and there determined.

As was observed by Mr. Justice Gray in the Michigan Insurance Bank Case, supra: "The duty of seasonably drawing up and tendering a bill of exceptions, stating distinctly the rulings complained of, and the exceptions taken to them, belongs to the excepting party and not to the court. The trial court has only to consider whether the bill tendered by the party is in due time, in legal form, and conformable to the truth; and the duty of the court of error is limited to determining the validity of exceptions duly tendered and allowed. Hanna v. Maas, 122 U. S. 24, 7 S. Ct. 1055 [30 L. Ed. 1117]. Any fault or omission in framing or tendering a bill of exceptions, being the act of the party, and not of the court, cannot be amended at a subsequent term, as a misprision of the clerk, in recording inaccurately or omitting to record an order of the court, might be. In re Wight, 134 U. S. 136, 10 S. Ct. 487 [33 L. Ed. 865]."

The limit of latitude that will be given in the matter of filing bills of exceptions was succinctly defined by the Supreme Court in Muller et al. v. Ehlers, supra. In that case, Mr. Chief Justice Waite said: "This case differs very materially from that of United States v. Breitling, 20 How. 253 [15 L. Ed. 900]. There the bill of exceptions was prepared during the term, and presented to the court for allowance four days before the adjournment. It was handed back to the attorney presenting it, three days before the adjournment, with the request that he submit it to the opposing counsel. Delay occurred, and the signature was not actually affixed until after the term. Under the special circumstances of that case, the signature, after the term, was recognized as proper. The particular grounds for this ruling are not stated; but it was probably for the reason, that, upon the facts stated, the consent to further time beyond the term for the settling of the

exceptions might fairly be presumed. That case went to the extreme verge of the law upon this question of practice, and we are not inclined to extend its operation."

Appellant has cited no case, nor have we been able to discover any, in which a nunc pro tunc signing by the trial judge was permitted, where the fault was entirely the fault of the moving party. If, as we have seen, "mere absence" of any kind has been held not to constitute a "disability" sufficient to warrant a signature by one not the trial judge, a fortiori "mere absence" under the circumstances of the instant case is even less of an excuse for presenting a bill of exceptions not signed by the judge who presided over the trial.

The allowing and the signing of a bill of exceptions is "a judicial act, which can only be performed by the judge who sat at the trial." Malony v. Adsit, 175 U. S. 281, 284, 20 S. Ct. 115, 116, 44 L. Ed. 163. There are exceptions to this rule, as we have seen, but the instant case does not fall within them.

As has been observed by another Circuit Court of Appeals, "It is a familiar rule of practice that the basis of an assignment of errors concerning matters transpiring in the course of a trial is a bill of exceptions signed by the trial judge." Porter v. Buckley et al. (C. C. A. 3) 147 F. 140, 141. See, also, Lincoln Savings Bank & Safe-Deposit Co. v. Allen et al. (C. C. A. 8) 82 F. 148, 150.

From the principles and authorities discussed above, "it follows that we have no bill of exceptions before us." Norwood v. United States, supra.

Accordingly, we are compelled to hold that the appellant's motion be denied; that the appellee's motion asking that the purported bill of exceptions be stricken should be granted; and it is so ordered. Inasmuch as there are no questions that can be reviewed in the absence of a bill of exceptions, the judgment is affirmed.