## CHANG CHOW v. UNITED STATES.
### No. 6437.

Circuit Court of Appeals, Ninth Circuit.
Nov. 9, 1931.

Rehearing Denied Dec. 14, 1931.

E. J. Botts, of Honolulu, Hawaii, for appellant.

Sanford B. D. Wood, U. S. Atty., and John Albert Matthewman, Asst. U. S. Atty., both of Honolulu, Hawaii, and George J. Hatfield, U. S. Atty., and I. M. Peckham, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

SAWTELLE, Circuit Judge.

This case is on appeal from a judgment of the United States District Court for the Territory' of Hawaii ordering the deportation of the appellant under the Chinese Exclusion Act (8 USCA § 263 et seq.).

There is here no bill of exceptions settled and allowed by the trial judge. The account of the trial in the court below is before us

merely on a certificate by the reporter that the transcript of his notes is full, true, and correct; and a stipulation by the attorneys that the typewritten record (reporter's transcript) might be printed in accordance with a certain designation.

We deem it unnecessary to restate at length the well-settled rule that there can be no consideration of a case by an appellate court without a bill of exceptions properly authenticated by the trial judge. See cases cited in 28 USCA § 776, note 95; J. C. Walton v. Southern Pacific Co., 53 F.(2d) 63, decided by this court October 14, 1931; Irving v. United States, 53 F.(2d) 55, decided by this court October 19, 1931. The transcript of the shorthand notes of the reporter does not constitute a bill of exceptions, Rosen v. United States (C. C. A. 2) 271 F. 651; nor does a stipulation by counsel that the transcript had been agreed on as true, a question not definitely settled in the stipulation here, properly bring before the appellate court any exception taken at the trial, Allemanni v. United States (C. C. A. 2) 273 F. 523.

In the case of Lee Won Jeong v. United States, 145 F. 512, 513, in which there was an appeal to this court from the judgment of the District Court directing the deportation of an alien to China, we said: "The remaining assignments of error are based upon the evidence printed in the record, which, however, is not embodied in a bill of exceptions, or otherwise authenticated as having been used before the court below. It cannot therefore be considered here."

There is nothing properly before us for review, and, consequently, the judgment of the lower court must be affirmed.

Affirmed.