### YIM KIM LAU v. UNITED STATES.
#### No. 6487.

Circuit Court of Appeals, Ninth Circuit.

Nov. 9, 1931.

Rehearing Denied Dec. 14, 1931.

E. J. Botts, of Honolulu, Hawaii, for appellant.

Sanford B. D. Wood, U. S. Atty., and John Albert Matthewman, Asst. U. S. Atty., both of Honolulu, Hawaii, and George J. Hatfield, U. S. Atty., and I. M. Peckham, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge.

The appellant, a Chinese person, appealed from the judgment of the United States District Court for the Territory of Hawaii. The proceeding was one brought under the provisions of the Chinese Exclusion Act (8 USCA § 263 et seq.), and the judgment directed that appellant be deported to China.

In order to determine any of the questions which it is sought to have considered on the appeal, there should have been prepared and certified a bill of exceptions. There appears in the transcript what purports to be a record of the proceedings had at the trial, but this record was not certified by the trial judge as the law requires. The case, both as to the counsel appearing therein and the condition of the record, is precisely the same as that presented in Chang Chow, alias Chang Sau Mung v. United States, 53 F.(2d) 637, the opinion in which was filed in this court this day. Reference is made to the law and cases as cited in that opinion.

Being left without a record upon which to judge of any alleged errors committed in the District Court, the judgment of that court must be affirmed, and it is so ordered.