## LEE HIN v. UNITED STATES.
### No. 7403.

Circuit Court of Appeals, Ninth Circuit.
July 10, 1934.

E. J. Botts, of Honolulu, T. H., for appellant.

Sanford B. D. Wood, U. S. Atty., and Ed. Towse, Asst. U. S. Atty., both of Honolulu, T. H.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

PER CURIAM.

This is an appeal from an order of deportation entered by the District Court of the United States for the Territory of Hawaii. The transcript contains what purports to be a report of the trial certified as follows and not otherwise: "Certified to be a full and correct transcript of my shorthand notes taken in the above entitled action." This was no doubt furnished in accordance with the præcipe which required the clerk to prepare a transcript of the record including a "transcript of all testimony and proceedings." This record thus prepared is identical with that considered by us in the case of Chang Chow v. U. S., 53 F.(2d) 637, wherein we held it would be necessary to present the evidence by a settled bill of exceptions. On appeal to the Supreme Court, our decision was reversed. 286 U. S. 530, 52 S. Ct. 509, 76 L. Ed. 1272. The Supreme Court stated:

"The appeal to the Circuit Court of Appeals having been dismissed by that court for want of a bill of exceptions, and it appearing, and being conceded by the government, that the review of the Circuit Court of Appeals was by appeal according to the applicable practice prior to the Act of January 31, 1928, as amended (45 Stat. 54, 466 [28 USCA § 861b]), and that no bill of exceptions was necessary, but that a duly authenticated record was required, the petition for writ of certiorari herein is granted, the judgment of the Circuit Court of Appeals is reversed, and the cause is remanded to that court with directions to consider the sufficiency of the authentication of the record, and, if the record be found defective in this respect, to exercise its discretion, if proper application be made to determine whether an opportunity should be afforded for authentication of the record so that the decision of the District Court may be reviewed by the Circuit Court of Appeals."

This decision of the Supreme Court is based on the proposition that the evidence should be presented on appeal from an order of deportation by statement rather than by bill of exceptions, and we assume that this is the point conceded by the government. Our rule 14 provides that, in case of an appeal, there shall be transmitted by the clerk of the court from which an appeal is taken, among other things, a statement of the evidence. This statement should be prepared in accordance with Equity Rule 75 of the Supreme Court. Upon the return of the case to us by mandate we reversed the case without requiring further certification. Chang Chow v. U. S., 63 F.(2d) 375, 377. We acted upon the record which was before us because of the fact that no question had been raised as to its authenticity except by the court itself, and it was deemed unnecessary in that particular case and under those circumstances to require the record to be returned to the District Court of the United States. In doing so we stated:

"We have treated this record as properly here on appeal. In doing so, however, we do not thereby approve of the form or manner in which the record has been authenticated and it is not to serve as a precedent in similar cases in the future."

The same attorney who presented the appeal in Chang Chow v. United States presents the appeal in the case at bar, and has again presented a purported transcript of the purported notes and asks us to reverse the case upon the ground that the evidence does not sustain the conclusion of the trial judge. So far as appears, the transcript never has been presented to the trial judge nor to the appellee for inspection or approval. It violates the fundamental rule with relation to the preparation of a statement of the evidence which requires that the statement of the evidence be "in simple and condensed form, all parts not essential to the decision of the questions presented by the appeal being omitted and the testimony of witnesses being stated only in narrative form," etc. Equity Rule 75, subd. (b), 28 USCA § 723.

The clerk is directed to return to the clerk of the District Court of the United States for Hawaii the reporter's transcript, and the appellant is directed to proceed in accordance with Equity Rule 75 of the Supreme Court for the preparation of a statement of the evidence for use on this appeal. When settled, the statement of the evidence shall be returned to this court as a part of the record on

appeal. Appellant's proposed statement of the evidence to be prepared and filed within ten days after the receipt by the clerk of the reporter's transcript. Thereafter the settlement of the statement shall be proceeded with in accordance with Equity Rule 75.