T.C. Memo. 2009-23

UNITED STATES TAX COURT

GABRIEL J. LOUP, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2851-06.                    Filed February 4, 2009.

        R determined a deficiency in P's 2003 Federal
income tax.  After concessions, P and R dispute whether
P is entitled to business expense deductions.

        <u>Held</u>:  P is not entitled to business expense
deductions.

Gabriel J. Loup, pro se.

<u>Michael W. Berwind</u>, for respondent.

MEMORANDUM OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on a petition for redetermination of a Federal income tax deficiency that respondent determined for petitioner's 2003 tax year.[1]  After concessions by respondent, the issue remaining for decision is whether petitioner is entitled to deductions claimed on Schedule C, Profit or Loss From Business.

<u>Background</u>

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by reference into our findings.  Petitioner is an aspiring standup comedian/actor.  In October 2002 he signed a 1-year contract with the Morgan Agency, a talent agent, in which the Morgan Agency agreed to act as his agent for television commercials. During 2003 he worked as a pharmaceutical company representative and a licensed intensive care unit nurse.

At some point (claimed by petitioner to be in 2002 or earlier) he became a member of the 9 Layer Dipz, a sketch comedy

---

[1]All section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax year at issue.  The Rule reference is to the Tax Court Rules of Practice and Procedure.

group.[2]  Petitioner and the other members of the 9 Layer Dipz wrote, produced, and directed their own comedy show.

On his timely filed 2003 Form 1040, U.S. Individual Income Tax Return, petitioner claimed deductions of $16,704 on Schedule A, Itemized Deductions--$12,811 of which was listed under the portion of the Schedule A entitled "Job Expenses and Most Other Miscellaneous Deductions".[3]  Those expenses were detailed in a Form 2106-EZ, Unreimbursed Employee Business Expenses, and a statement attached to petitioner's return.

Respondent issued petitioner a notice of deficiency on November 28, 2005.  Petitioner then filed a timely petition with this Court.  At the time he filed his petition, petitioner resided in California.  A trial was held on May 1, 2008, in Los Angeles, California.

---

[2]From the record, it is not clear in what year petitioner actually joined 9 Layer Dipz.

[3]For the sake of completeness, the actual amount of the claimed expenses was $13,761, which was then reduced by $950 (2 percent of petitioner's reported adjusted gross income for 2003) in accordance with sec. 67(a).  On his 2003 Form 1040 petitioner had improperly claimed those deductions on Schedule A. Petitioner has since acknowledged that his accountant should have claimed those deductions on Schedule C, not Schedule A.  And, the parties agree that the issue is whether petitioner is entitled to Schedule C deductions.

## Discussion

### I.  Parties' Contentions

Before and during trial, the parties focused extensively on the section 183 hobby loss rules.  Respondent argued that petitioner's acting and comedy activities were not activities engaged in for profit within the meaning of section 183(a).  Most of the evidence that petitioner has presented postdates the tax year at issue and is aimed at demonstrating that he intended to profit from those activities.[4]

On brief, respondent wisely abandons the section 183 argument and concedes that no adjustments will be pursued on the basis of the hobby loss rules.  Instead, respondent contends that in 2003 petitioner's activity was not a going concern within the meaning of section 162 because petitioner performed his acting and comedy activities sporadically.  If the Court determines that petitioner's activity was a going concern in 2003, respondent contends that petitioner has failed to adequately substantiate

---

[4]For example, petitioner has provided dozens of e-mails dated in 2005 and later to show his acting activity.  He has also shown that he became a member of the Screen Actors Guild in 2006. The submission of such evidence is reasonable in light of our observation that "Just as a history of unexplained losses for taxable years prior to the issue year may indicate a lack of a profit motive * * *, a history of profit-making years subsequent to the issue year may indicate the opposite."  Regan v. Commissioner, T.C. Memo. 1979-340 n.6.  However, it is irrelevant to whether he had an active trade or business in 2003 and, if so, whether he has substantiated deductions claimed for expenses incurred during that year.

the claimed expenses and that many of them are nondeductible personal expenses. Although he was afforded the opportunity, petitioner did not file a brief.

## II. Business Expense Deductions

Deductions are a matter of legislative grace, and the taxpayer must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. The taxpayer bears the burden of proving entitlement to any claimed exemptions or deductions; the taxpayer's burden includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. 540 F.2d 821 (5th Cir. 1976). Although section 7491(a) may shift the burden of proof to the Commissioner in specified circumstances, petitioner has not established that he meets the requirements under section 7491(a)(1) and (2) for such a shift.

Section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Whether a taxpayer is engaged in a trade or business is determined using a facts and circumstances test under which courts have focused on the following three factors indicative of the existence of a trade or business: (1) Whether the taxpayer undertook the activity intending to earn a profit; (2) whether the taxpayer is regularly

and actively involved in the activity; and (3) whether the taxpayer's activity has actually commenced. See <u>McManus v. Commissioner</u>, T.C. Memo. 1987-457, affd. without published opinion 865 F.2d 255 (4th Cir. 1988).

By his own admission, nearly all of petitioner's relevant activities in 2003 related to the 9 Layer Dipz. However, as explained below, the evidence of record reflects that the 9 Layer Dipz performances that petitioner believes occurred in 2003 actually occurred in 2004. Petitioner has ultimately failed to demonstrate active involvement in an acting/comedy trade or business in 2003.

Petitioner has provided four advertisements for 9 Layer Dipz performances, none of which lists the year in which those performances were to take place. Two of the advertisements shed no light on the year in which the performances were to occur--one just indicates that 9 Layer Dipz performances were to occur on "WEDNESDAYS AT 8PM" and one contains no day, time, or date. The other two advertisements contain days and months but not years-- one indicates that 9 Layer Dipz performances were to occur "WEDNESDAYS at 8PM * * * January 14th, 21st, + 28th" and the other indicates that the 9 Layer Dipz was to perform on "Wednesday, April 28th".

The advertisement for the show on "Wednesday, April 28th" was the only one of the four advertisements discussed in detail

at trial.  Referring to that advertisement, petitioner testified that "This is the invitation for the show that occurred in 2003" and that "the year in which this performance occurred was 2003".  Although we do not question the sincerity of petitioner's belief, he is mistaken:  April 28, 2003, was a Monday not a Wednesday.  We are permitted to take judicial notice of such facts.  See Wright v. Farmers Nat'l Grain Corp., 83 F.2d 666, 669 (7th Cir. 1936) ("Reminded, also, of the alleged conduct of one Abraham Lincoln in the defense of Duff Armstrong, we have adverted to our 'almanac' and find indisputable evidence that May 29, 1935, was on Wednesday and not Thursday").  And, January 14, 21, and 28, 2003, were Tuesdays not Wednesdays.  Thus, it is evident that those 9 Layer Dipz performances did not occur in 2003.  As all of the relevant dates--January 14, 21, and 28, and April 28--fell on Wednesdays in 2004, it appears that those 9 Layer Dipz performances actually took place in 2004.

Petitioner has also presented a self-prepared log of expenses relating to the 9 Layer Dipz in 2003.[5]  Petitioner could not recall when he created that log but testified that "It was created shortly after we had the expenses" and that "the log * * * actually kept track of when we were doing it."  Those logs do not demonstrate that petitioner was engaged in an active trade

---

[5]Petitioner presented a "Business Expenses Log 2003 9 Layer Dipz Sketch Comedy Group" and a "Business Meal Expenses Log 2003".

or business in 2003, particularly in light of doubt as to their contemporaneousness and the aforementioned discrepancies as to the year in which the 9 Layer Dipz performances occurred.[6]  This leaves only the October 18, 2002, Morgan Agency contract to establish the existence of an ongoing active acting/comedy trade or business in 2003.  The contract is insufficient for that purpose, as it sheds no light on petitioner's 2003 acting/comedy activities.  The other evidence submitted by petitioner relates to later years that are not a part of this proceeding.[7]

Because petitioner has failed to demonstrate that he was engaged in any acting/comedy activity in 2003, he has not satisfied any of the McManus requirements.  He is therefore not entitled to any business expense deductions under section 162 for 2003.[8]

---

[6]The only apparent reference in the log to acting/comedy activity not related to the 9 Layer Dipz is a reference to a show at the "Comedy Store" under the "December" heading.  Petitioner has provided a ticket to a show at "The Comedy Store" but it does not contain petitioner's name or a date.

[7]Petitioner engaged in substantial acting/comedy activities in later years, and we believe that he did so intending to earn a profit.

[8]Because petitioner has not demonstrated that he was engaged in an active acting/comedy trade or business in 2003, we need not address issues relating to substantiation of the claimed expenses under sec. 274 or the extent to which the claimed expenses were nondeductible personal expenses under sec. 262(a).

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.